**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James HUNTER, Defendant–Appellant.**

**No. 88–3233.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 22, 1989*.

Decided Oct. 23, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Michael J. Trickey, Seattle, Wash., for defendant-appellant.

Richard A. Jones, Asst. U.S. Atty., for plaintiff-appellee.

Before BROWNING, KOZINSKI and RYMER, Circuit Judges.

PER CURIAM:

Hunter pled guilty to receiving, while a felon, a firearm shipped in interstate commerce, 18 U.S.C. § 922(g)(1), and drug trafficking with a firearm, 18 U.S.C. § 924(c)(1). The court interpreted section 924(c)(1) to require that the sentence imposed under that section run consecutively to rather than concurrently with any other sentence imposed. Hunter appeals claiming section 924(c)(1) is ambiguous and should be given a more lenient interpretation permitting the court to impose concurrent rather than consecutive sentences.

The pertinent language of section 924(c)(1) provides:

> Whoever, during and in relation to any crime of violence or drug trafficking crime ..., uses or carries a firearm, shall, *in addition to* the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, *nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment* including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.

18 U.S.C. § 924(c)(1) (emphasis added).

■ We see no ambiguity in the statute in this respect. The first sentence unequivocally states that when a gun is used in a crime of violence or drug trafficking, a sentence of five years shall be imposed under section 924(c)(1) in addition to whatever sentence is imposed for the underlying crime of violence or drug trafficking. The last sentence does not contradict or change

the meaning of the first. It clearly adds that the sentence imposed under section 924(c)(1) shall be consecutive to any other sentence the defendant receives, including any sentence imposed for the underlying crime of violence or drug trafficking.

Hunter contends he can be sentenced under section 924(c)(1) only if he has pled guilty to or been convicted of an underlying crime of drug trafficking or violence. The language of the section does not suggest this result. We have long held section 924(c)(1) defines a separate crime rather than merely enhancing the punishment for other crimes. *See United States v. Dixon*, 558 F.2d 919, 921 (9th Cir.1977); *see also* H.R.Rep. No. 1030, 98th Cong., 2d Sess. 312–13, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3490 ("H.R. Rep.").

Because all elements of the crime created by section 924(c)(1) must be proved for conviction under that section, a defendant charged with violating section 924(c)(1) must be proven to have committed the underlying crime, but nothing in the statute or the legislative history suggests he must be separately charged with and convicted of the underlying offense. Hunter's admission to the court that he possessed 88 grams of cocaine and had trafficked in the drug, the government's proffer of proof to that effect, and Hunter's guilty plea were sufficient to establish Hunter's guilt of a drug trafficking offense as an element of the offense under section 924(c)(1).

Finally Hunter contends it would violate the double jeopardy clause to impose sentences on both crimes to which he pled guilty because "the exact same facts were used to charge both crimes." It is obvious that conviction of the offense under section 924(c)(1) requires proof of elements not required for conviction under Section 922(g)(1), and vice versa. *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Moreover, as the Supreme Court held in a similar context in *Missouri v.*

*Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended," *id.* at 366, 103 S.Ct. at 678, and it is evident from the face of section 924(c)(1) and its legislative history that Congress intended a sentence under the section to be imposed in addition and consecutively to any other sentence imposed upon the defendant. *See* H.R.Rep. at 3490–91.

AFFIRMED.