**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Catherine Louise ROBERTSON,
Defendant–Appellant.**

No. 89–30129.

United States Court of Appeals,
Ninth Circuit.

Submitted * Jan. 8, 1990.

Submission Withdrawn Feb. 8, 1990.

Resubmitted April 4, 1990.

Decided April 10, 1990.

Deborah J. Dealy–Browning, Asst. U.S. Atty., Eugene, Or., for plaintiff-appellee.

Diana I. Stuart, Asst. Federal Public Defender, Portland, Or., for defendant-appellant.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R. App.P. 34(a); Ninth Circuit Rule 34–4.

Before WRIGHT, TANG, and CANBY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

We consider a due process challenge against Fed.R.Crim.P. 32(c)(3)(D) and whether the district court erred in imposing a term of supervised release. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## BACKGROUND

The government filed a 14–count indictment against Catherine Robertson, charging her and three codefendants with conspiracy to manufacture and distribute methamphetamine. She pleaded guilty to one count, carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).

After preparation of the presentence report, Robertson's counsel objected to certain allegations which she claims had not been proven. The court heard arguments on those objections at the time of sentence.

The court sentenced her to five years imprisonment under 18 U.S.C. § 924(c)(1), followed by a three year term of supervised release pursuant to 18 U.S.C. § 3583(b)(2). It indicated in its findings of fact that the disputed allegations played no part in the determination of her sentence.

## DISCUSSION

### I. *Imposition of Supervised Release Term*

■ Robertson argues, first, that the court was precluded from imposing a term of supervised release based on the language of 18 U.S.C. § 924(c)(1), which reads in relevant part:

**1.** The language of the statute indicates that the five year term is imposed as an enhancement. In this case, the court applied the statute by itself, without sentencing for any other crime. We recently approved such an application of § 924(c) as long as the defendant is proven to have committed the underlying crime. *United States v. Hunter,* 887 F.2d 1001, 1003 (9th Cir. 1989) (per curiam). In her petition to enter her guilty plea, she wrote:

Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....[1]

Supervised release is governed by 18 U.S.C. § 3583, which provides in relevant part:

(a) In general.—The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute.

(b) Authorized terms of supervised release.—Except as otherwise provided, the authorized terms of supervised release are—(2) for a Class C or Class D felony, not more than three years; ...

18 U.S.C. § 3559(a) provides in relevant part:

An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is—(4) less than ten years but five or more years, as a Class D felony; ...

The offense as defined in § 924(c)(1) is a separate crime carrying a maximum prison term of five years. *See United States v. Hunter,* 887 F.2d 1001, 1003 (9th Cir.1989) (per curiam). It is also a Class D felony under § 3559(a)(4), so a three year term of term of supervised release was proper under § 3583(a) and (b)(2).

On March 14, 1988 in Clackamas, Oregon, I had in my possession a Browning pistol at a time when I also had in my possession methamphetamine which I intended to subsequently distribute.

This statement establishes that she committed the underlying crime as required in *Hunter.*

Robertson rejects this construction of the statutes. She argues that, because § 924(c)(1) imposes a maximum *sentence* of five years imprisonment, and because § 3583(a) authorizes the court to impose a term of supervised release *as part of the sentence*, her total sentence could not exceed five years, taking into account both the prison term *and* the supervised release term.

We refuse to adopt this construction. Section 3583(a) allows the court to impose a term of supervised release *after imprisonment*, and § 924(c)(1) provides for five years of imprisonment. Nothing in § 924(c)(1) indicates that the court may not impose an additional term of supervised release. *Cf. United States v. Sanclemente–Bejarano*, 861 F.2d 206, 209 (9th Cir.1988) (a mandatory term of supervised release under 21 U.S.C. § 841(b)(1)(A) "is cumulative to any prison term imposed and thus expands the maximum possible sentence."). The sentence was proper.

## II. *Application of Fed.R.Crim.P. 32(c)(3)(D)*

Robertson argues that the court misapplied Fed.R.Crim.P. 32(c)(3)(D) or, if the rule was applied correctly, that it violates her due process rights. Rule 32(c)(3)(D) provides:

> If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.

The court applied this rule correctly. It included in its findings of fact a determination that the disputed information would not be taken into account in sentencing. Although Robertson argues that the court erred by refusing to strike that information from the report, the rule does not require that result. There was no error.

Having found that the court correctly applied Rule 32(c)(3)(D), we consider Robertson's constitutional argument. She contends that due process requires the court to strike the disputed allegations, even if the rule does not require it. She claims that the allegedly false information may influence decisions by prison officials and others in the future, so she is entitled either to judicial findings on these allegations or an order that they be stricken.

We recently rejected this contention:

> Neither due process nor Rule 32 require [sic] a district court judge to be an editor as well as an arbiter of justice. Any concerns a defendant might have about prison officials relying on unfounded, detrimental information in his presentence investigation report should be met by a district court's compliance with Rule 32(c)(3)(D).

*United States v. Turner*, 898 F.2d 705, 710 (9th Cir.1990).

AFFIRMED.