979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco MENDOZA-ESTRADA, Defendant-Appellant.
 No. 92-30007.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1992.*
Decided Nov. 19, 1992.
 
 Before HUG, POOLE and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Francisco Mendoza-Estrada ("Mendoza-Estrada") was convicted of conspiracy to deliver a controlled substance and possession of a controlled substance with intent to deliver in State Superior Court in Yakima County, Washington. One week later, Mendoza-Estrada proceeded to trial in the United States District Court for the Eastern District of Washington on a charge of carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). The federal charge arose from the same events upon which the State charges were based.
 
 
 3
 Prior to trial, Mendoza-Estrada moved to dismiss the federal charge on the ground that it placed him twice in jeopardy contrary to the Fifth Amendment. The district court denied the motion.
 
 
 4
 At trial, the Government introduced the finding of guilt in State Superior Court, rather than testimony, to prove that Mendoza-Estrada committed the underlying drug trafficking crime element of the section 924(c)(1) offense. Because the State court judge had not yet entered a written order, the Government introduced an official transcript of the judge's oral decision at the end of the trial.
 
 
 5
 Mendoza-Estrada objected on the ground that the evidence constituted hearsay. The district court overruled the objection, stating that the evidence was admissible under "at least two specific exceptions to the hearsay rule" found in Fed.R.Evid. 803.
 
 
 6
 The Government also introduced the testimony of Detective John Moon, who stated that Mendoza-Estrada had been arrested after a narcotics investigation which resulted in the recovery of approximately one kilogram of cocaine. Detective Ron Shepard testified that he was the officer who arrested Mendoza-Estrada approximately 30 to 35 yards from the vehicle in which the drugs were found. Detective Shepard stated that at the time of his arrest, Mendoza-Estrada was carrying a loaded Colt .380 semi-automatic handgun in his right front pants pocket and an extra clip in the other pocket. Both detectives added that they had testified against Mendoza-Estrada in State court one week earlier.
 
 
 7
 The district judge found Mendoza-Estrada guilty of violating section 924(c)(1). Mendoza-Estrada was sentenced to five years' imprisonment, to run consecutive to any other sentence imposed, followed by two years of supervised release.
 
 
 8
 Mendoza-Estrada timely appeals the district court's rulings on his motion to dismiss as well as his objection to the introduction of the State court's finding of guilt to satisfy the underlying drug trafficking crime element of the section 924(c)(1) offense. The district court's jurisdiction was based upon 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 9
 We review de novo a district court's denial of a motion to dismiss on double jeopardy grounds. United States v. Lun, 944 F.2d 642, 644 (9th Cir.1991). We also review de novo alleged violations of the Confrontation Clause. United States v. George, 960 F.2d 97, 99 (9th Cir.1992); see also United States v. Payne, 944 F.2d 1458, 1468 n. 9 (9th Cir.1991), cert. denied, 112 S.Ct. 1598 (1992).
 
 
 10
 Relying on Grady v. Corbin, 495 U.S. 508 (1990), Mendoza-Estrada argues that because his federal prosecution was based upon the same conduct for which he was convicted in Washington State Superior Court, his federal prosecution violated the Fifth Amendment's Double Jeopardy Clause. He adds that section 924(c)(1) is nothing more than a penalty enhancement and, therefore, should not be treated as a separate crime.
 
 
 11
 "[A] federal prosecution is not barred by a prior state prosecution of the same person for the same acts." Abbate v. United States, 359 U.S. 187, 194 (1959) (footnote omitted). See also United States v. Lanza, 260 U.S. 377, 382 (1922). Grady, in which the defendant pled guilty to two State traffic violations and later faced State charges of homicide and assault arising from the same accident, is inapposite. See Grady, 495 U.S. at 510-515. Moreover, "section 924(c)(1) defines a separate crime rather than merely enhancing the punishment for other crimes." United States v. Hunter, 887 F.2d 1001, 1003 (9th Cir.1989), cert. denied, 493 U.S. 1090 (1990). Thus, the district court properly denied Mendoza-Estrada's motion to dismiss.
 
 
 12
 Mendoza-Estrada also asserts that the district court's decision to admit the State court's finding of guilt to establish the underlying drug trafficking crime element of the 924(c)(1) offense deprived Mendoza-Estrada of his Sixth Amendment right to confront and cross-examine the witnesses against him. "Hearsay testimony is barred by the Confrontation Clause in criminal cases unless, inter alia, it has 'adequate indicia of reliability.' " George, 960 F.2d at 99 (quoting Ohio v. Roberts, 448 U.S. 56, 66 (1980)). "The reliability requirement is satisfied if the statement falls within a 'firmly rooted hearsay exception' or if it is supported by 'particularized guarantees of trustworthiness.' " George, 960 F.2d at 99 (quoting Idaho v. Wright, 110 S.Ct. 3139, 3147 (1990)).
 
 
 13
 The official transcript of the oral decision entered by the judge at the end of the state trial has a particularized guarantee of trustworthiness and complies with Fed.R.Evid. 803(22). The district court did not abuse its discretion by admitting the State court's finding of guilt, and Mendoza-Estrada's rights under the Confrontation Clause were not violated.
 
 
 14
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3