**Paul Erik MYERS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 93–1136.**

United States Court of Appeals, Eighth Circuit.

Submitted May 7, 1993.

Decided May 14, 1993.

Paul Erik Myers, pro se.

Gary Annear, Fargo, ND, for appellee.

Before FAGG, BEAM, and HANSEN, Circuit Judges.

PER CURIAM.

Paul Erik Myers appeals from the district court's [1] order denying his 28 U.S.C. § 2255 motion. We affirm.

Pursuant to a plea agreement, Myers agreed to plead guilty to using and carrying a firearm during and in relation to a drug trafficking offense—possession of marijuana with the intent to distribute it—in violation of

---

1. The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota.

18 U.S.C. § 924(c)(1). According to the agreement, Myers admitted the following facts. He received a .357 Smith & Wesson Magnum revolver on September 6, 1990. On September 8–9, he traveled to Kindred, North Dakota, with two companions to harvest some marijuana. Myers had been trying to find a purchaser for the marijuana. He stood guard with the pistol while the others picked the marijuana. Thereafter, the Minnesota Highway Patrol stopped the vehicle Myers was driving and discovered the pistol under his right leg. One of the passengers had a small amount of marijuana in his pocket. A search of the trunk uncovered the marijuana the group had harvested in several shopping bags.

At the plea hearing, the district court explained to Myers that if he chose to go to trial, the government would have to prove that a drug trafficking offense occurred and that he used and carried the firearm during and in relation to that offense. Myers indicated that he understood this. The government then set forth the factual basis for the plea. Myers admitted that the events occurred essentially as the government described them, and stated that the highway patrol officer found three to five pounds of marijuana in the trunk of the car.

The court subsequently accepted the plea and sentenced Myers to sixty months in prison. He then filed this section 2255 action, alleging that the district court violated his right to due process by accepting his guilty plea because the elements of section 924(c)(1) had not been satisfied. He argued that he had to be charged with or convicted of a drug trafficking crime before he could be guilty of using a firearm during and in relation to a drug trafficking crime. The district court denied the motion, relying on *United States v. Hunter,* 887 F.2d 1001 (9th Cir.1989) (per curiam), *cert. denied,* 493 U.S. 1090, 110 S.Ct. 1159, 107 L.Ed.2d 1062 (1990). The court observed that Myers had admitted at the plea hearing that he had possessed and trafficked in marijuana, and the court concluded that this was sufficient to establish the predicate act required to satisfy section 924(c)(1). On appeal, Myers reiterates the arguments raised in the district court.

Section 924(c)(1) imposes a mandatory minimum five-year sentence on a defendant who uses or carries a firearm "during and in relation to any ... drug trafficking crime ... *for which he may be prosecuted* in a court of the United States" (emphasis added). "A § 924(c) conviction requires a predicate drug trafficking offense." *United States v. Knox,* 950 F.2d 516, 518 (8th Cir.1991). As the district court observed, the Ninth Circuit rejected in *Hunter* the precise argument Myers raises here, stating:

> Because all elements of the crime created by section 924(c)(1) must be proved for conviction under that section, a defendant charged with violating section 924(c)(1) must be proven to have committed the underlying crime, but nothing in the statute or the legislative history suggests he must be separately charged with and convicted of the underlying offense. Hunter's admission to the court that he possessed 88 grams of cocaine and had trafficked in the drug, the government's proffer of proof to that effect, and Hunter's guilty plea were sufficient to establish Hunter's guilt of a drug trafficking offense as an element of the offense under section 924(c)(1).

887 F.2d at 1003; *see also United States v. Hill,* 971 F.2d 1461, 1463–64 (10th Cir.1992) (en banc) (section 924(c)(1) requires proof that defendant committed underlying drug trafficking crime, but defendant need not be convicted of underlying crime); *United States v. Munoz–Fabela,* 896 F.2d 908, 909 (5th Cir.) (statute does not require conviction of underlying drug trafficking offense as predicate for conviction under section 924(c)(1)), *cert. denied,* 498 U.S. 824, 111 S.Ct. 76, 112 L.Ed.2d 49 (1990). Based on the statutory language, the cases cited above, and Myers's admissions at the plea hearing, we conclude that the district court correctly denied the motion.

Accordingly, we affirm.