**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ricky C. NELSON, Defendant–Appellant.**

No. 93–5555.

United States Court of Appeals,
Sixth Circuit.

Argued March 15, 1994.

Decided June 9, 1994.

David G. Dake, Ed Holt (argued and briefed), Asst. U.S. Attys., Knoxville, TN, for plaintiff-appellee.

Randall E. Reagan (argued and briefed), Ricky Cleophus Nelson, Knoxville, TN, for defendant-appellant.

Before: KEITH and BATCHELDER, Circuit Judges; and JOINER, Senior District Judge *.

BATCHELDER, Circuit Judge.

Defendant-appellant, Ricky C. Nelson, appeals his conviction for carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1), raising numerous assignments of error by the trial court. Finding plain error in the

---

* The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

jury instructions given by the district court, we decline to address Nelson's claims of error; instead, we reverse his conviction for the reasons stated herein.

## I.

On October 3, 1991, officers of the Knoxville/Knox County Metro Narcotics Unit executed a search warrant at the residence of defendant Nelson. When the officers arrived at the residence, Nelson and several others were on the front porch. The police advised Nelson that they had a warrant to search the home. In the course of their search, the police discovered a locked room to which Nelson provided the key. On the floor and dresser in that room the officers observed "baggie corners," some of which contained a powdery white residue that field tests indicated was cocaine. On the floor beside the bed, they found a pair of pants containing $830 wrapped in a rubber band. In the headboard of the bed, the officers discovered a pocket in which were 7.9 grams of cocaine in two baggies, and two loaded firearms. The officers also found a floor safe that contained $4,380, and, in Nelson's mother's bedroom, another pistol.

On March 3, 1992, a federal grand jury in the Eastern District of Tennessee returned a one count indictment against Nelson, charging him with using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). The case was tried on December 9, 1992, and the jury returned a guilty verdict on that same date.

## II.

### A.

18 U.S.C. § 924(c)(1) provides in pertinent part:

Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime be sentenced to imprisonment for five years. . . .

The indictment charged Nelson only with a violation of § 924(c)(1), and not with any underlying drug trafficking crime. This circuit very recently held that § 924(c)(1) creates a distinct offense rather than merely being a sentencing enhancement provision.

[N]ot only can the mandatory five-year sentence be imposed consecutive to a term of imprisonment imposed by a state court, it can be imposed in the absence of any conviction of an underlying drug offense. *See United States v. Frayer*, 9 F.3d 1367, 1371 (8th Cir.1993); *United States v. Hill*, 971 F.2d 1461, 1467 (10th Cir.1992) *United States v. Laing*, 889 F.2d 281, 288 (D.C.Cir.1989), *cert. denied*, 494 U.S. 1069, 110 S.Ct. 1790, 108 L.Ed.2d 792 (1990); *United States v. Hunter*, 887 F.2d 1001, 1003 (9th Cir.1989), *cert. denied*, 493 U.S. 1090, 110 S.Ct. 1159, 107 L.Ed.2d 1062 (1990). To establish the required predicate, the fact of the offense rather than a conviction is all that is necessary. *United States v. Munoz–Fabela*, 896 F.2d 908, 911 (5th Cir.), *cert. denied*, 498 U.S. 824, 111 S.Ct. 76, 112 L.Ed.2d 49 (1990).

*United States v. Ospina*, 18 F.3d 1332, 1335–1336 (6th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 2721, 129 L.Ed.2d 846 (May 17, 1994).

As noted by the Tenth Circuit in *Hill*, because § 924(c) is a separate offense, "a conviction and sentence under § 924(c) requires the full panoply of constitutional safeguards ordinarily granted criminal defendants." 971 F.2d at 1464 (quoting *United States v. Martinez*, 924 F.2d 209, 211 (11th Cir.), *cert. denied*, —— U.S. —— and ——, 112 S.Ct. 203 and 204, 116 L.Ed.2d 163 (1991)). Therefore, while it is necessary for the government to present proof of the underlying crime to convict under § 924(c), a defendant need not be convicted or even charged with the underlying crime to be convicted under § 924(c). *United States v. Wilson*, 884 F.2d 174, 176 (5th Cir.1989); *Hill*, 971 F.2d at 1464; *Ospina*, 18 F.3d at 1336; *United States v. Wilkins*, 911 F.2d 337, 338 n. 1 (9th Cir.1990); *United States v.*

*Robertson,* 901 F.2d 733, 734 (9th Cir.), *cert. denied,* 498 U.S. 962, 111 S.Ct. 395, 112 L.Ed.2d 405 (1990); *Munoz–Fabela,* 896 F.2d at 911; *Hunter,* 887 F.2d at 1003.

## B.

■ While it is not necessary for the government to charge a defendant with the underlying drug trafficking crime in a § 924(c)(1) prosecution, it is, of course, necessary that the government prove beyond a reasonable doubt all of the elements of § 924(c), one of which is that the defendant committed the underlying crime. *United States v. Nicholson,* 983 F.2d 983, 990 (10th Cir.1993); *Myers v. United States,* 993 F.2d 171, 172 (8th Cir.1993); *Hunter,* 887 F.2d at 1003; *Munoz–Fabela,* 896 F.2d at 910. The problem in this case lies not with the government's presentation of proof, but with the instructions the jury was given to determine whether the proof rose to the required level to convict Nelson. The district court instructed the jury in relevant part as follows:

Now, in order for the government to carry its burden of proof for the crime in question, it must prove the following essential elements of the offense beyond a reasonable doubt: First, that on October the 3rd, 1991, that Ricky Cleophus Nelson committed a drug trafficking offense which might be prosecuted in a court of the United States, in this case the crime of possession of cocaine with the intent to distribute it; and, secondly, that he knowingly and willfully used or carried a firearm during and in relation to this offense.

Now, the term "drug trafficking offense" means any felony punishable under the Controlled Substances Act. This law makes it a federal crime to possess a controlled substance with the intent to distribute it. Now, cocaine is a controlled substance; thus, you are instructed that the crime of possessing cocaine with intent to distribute it is a drug trafficking crime for the purposes of the statute at issue in this case.

A firearm is, is any weapon which will or is designed to expel a projectile by the action of an explosive.

Now, in this case it doesn't matter whether the firearms were loaded or not. You will note that the indictment mentions three specific firearms. In order to obtain a conviction, the government does not have to prove that all three were used or carried by the defendant during and in relation to drug trafficking. However, you must unanimous—unanimously agree on which firearm or firearms the defendant knowingly used or carried. If you cannot agree, then you must find the defendant not guilty.

Now, an act is done knowingly if it is done voluntarily and intentionally and not because of mistake or accident or other innocent reason. However, it does not matter whether the defendant knew that using or carrying a firearm during and in relation to a drug offense was a crime, it only matters whether the defendant knew that he was using or carrying the weapon.

Now, the federal law at issue here was not intended to punish people in instances where the presence of the firearm was merely coincidental. The crime charged in the indictment requires more than mere possession of a firearm. The government has the burden of introducing proof that establishes beyond a reasonable doubt some relationship between the use of the firearm and the underlying drug trafficking offense. Now, the firearm must have played a role in the crime; such as, being available to protect the drugs or the defendant or to facilitate an escape.

Now, when we talk about using a firearm, it's not necessary that the firearm have, have been fired or even brandished. The defendant may be considered to have used a firearm if its presence in his possession in any manner facilitated or played a part in the commission of a drug trafficking crime.

Now, to carry a firearm, a person must either have the weapon on his person or have ready access to it to enforce or secure a drug transaction.

Now, if the government has proved the elements of the offense beyond a reasonable doubt, then you must find Ricky Cleophus Nelson guilty as charged. However,

if it has failed to carry its burden of proof, you must find him not guilty.

Now, that concludes my instructions concerning testimony and evidence.

Because Nelson's counsel raised no objection to the jury instructions,[1] we review only for "[p]lain errors or defects affecting substantial rights...." Fed.R.Crim.Pro. 52(b); *United States v. Morrow*, 977 F.2d 222, 226 (6th Cir.1992) (en banc), *cert. denied*, —— U.S. ——, 113 S.Ct. 2969, 125 L.Ed.2d 668 (1993).

Our inquiry under Rule 52(b) is made up of four distinct analyses:

First, we are to consider whether an error occurred in the district court. Absent any error, our inquiry is at an end. However, if an error occurred, we then consider if the error was plain. If it is, then we proceed to inquire whether the plain error affects substantial rights. Finally, even if all three factors exist, we must then ... decide whether the plain error affecting substantial rights seriously affected the fairness, integrity or public reputation of judicial proceedings.

*United States v. Thomas*, 11 F.3d 620, 629 (6th Cir.1993), *cert. denied*, —— U.S. —— and ——, 114 S.Ct. 1570 and 1571, 128 L.Ed.2d 214 and 215 (1994) (citing *United States v. Olano*, —— U.S. ——, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

In determining the adequacy of a jury instruction, "the instruction must be viewed in its entirety, and a misstatement in one part of the charge does not require reversal if elsewhere in the instruction the correct information is conveyed to the jury in a clear and concise manner...." *United States v. Pope*, 561 F.2d 663, 670 (6th Cir.1977); *see also United States v. Lloyd*, 10 F.3d 1197, 1213 (6th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1569, 128 L.Ed.2d 213 (1994). Viewing these instructions in their entirety, we conclude that while the instructions adequately informed the jury what they had to

find in order to conclude that Nelson "used" or "carried" a weapon and that he did so "during and in relation to" the drug trafficking crime, they are completely devoid of any instruction as to what the jury had to find in order to conclude that Nelson committed the drug trafficking crime of possessing cocaine with intent to distribute it. Instead, the jury was left to its own devices as to what was necessary for them to determine that Nelson was guilty of the underlying drug trafficking offense. Indeed, the instruction might reasonably be read to imply that as a matter of law Nelson had committed the offense of possession of cocaine with intent to distribute it.

■ There are few tenets more basic to our system than the rule that the prosecution has the burden of proving every element of a crime beyond a reasonable doubt. *Carella v. California*, 491 U.S. 263, 266, 109 S.Ct. 2419, 2421, 105 L.Ed.2d 218 (1989) (citing *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072–73, 25 L.Ed.2d 368 (1970)). Accordingly, when a trial judge omits an element of an offense necessary to find the defendant guilty from the jury instructions, the omission is plain error.

Clearly the omission from the jury instructions of an element of the offense affected Nelson's substantial rights and seriously affected the fairness, integrity or public reputation of these judicial proceedings.

Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.

*Winship*, 397 U.S. at 364, 90 S.Ct. at 1073. "The failure to instruct on an essential element of an offense is 'fundamental error[.]'" *Pope*, 561 F.2d at 671 (quoting *United States*

---

1. Nelson's counsel did object several times throughout the course of the trial to the relevance of the evidence relating to the drug trafficking crime. The district court was entirely correct in overruling this objection, since the drug trafficking crime is one of the elements of the § 924(c) offense. While this may have been a resourceful attempt to thwart the government in sustaining its burden of proving all of the elements of § 924(c), it did not raise any objection to the jury instructions.

*v. King,* 521 F.2d 61, 63 (10th Cir.1975)). The fact that the jury was allowed to convict Nelson without specifically finding beyond a reasonable doubt that he committed the drug trafficking crime of possession with intent to distribute seriously affected the fairness of his trial, and requires reversal.

### III.

For the above reasons, we REVERSE Nelson's conviction, VACATE his sentence, and REMAND this case to the district court for a new trial.