91 F.3d 157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William A. WALKER, Defendant-Appellant.
 No. 95-15600.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William A. Walker appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. After pleading guilty to use of a firearm in the commission of a violent crime in violation of 18 U.S.C. § 924(c), Walker was sentenced to five years in custody and three years of supervised release. Walker contends his sentence should be vacated because the district court erred by: 1) imposing a three-year term of supervised release in addition to his five-year sentence, and 2) failing to inform him that a violation of the terms of his supervised release could result in a total incarceration period in excess of his five-year sentence. We have jurisdiction under 28 U.S.C. §§ 1291, 2255. We review de novo. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We affirm.
 
 
 3
 Walker insists that the district court erred by imposing a three-year term of supervised release because such term, when combined with his five-year sentence, exceeded the statutory maximum sentence for using a firearm during a crime of violence in violation of 18 U.S.C. 924(c). We rejected this very argument in United States v. Robertson, 901 F.2d 733, 734-35 (9th Cir.), cert. denied, 498 U.S. 962 (1990); see also United States v. Montenegro-Rojo, 908 F.2d 425, 434 (9th Cir.1990) (term of supervised release is separate from the maximum statutory term of imprisonment and constitutes an additional penalty).
 
 
 4
 Walker further contends that the district court erred by failing to inform him that a violation of his supervised release could result in a total incarceration period in excess of the five-year term under 18 U.S.C. 924(c). The record refutes this contention. During the plea hearing, the district court advised Walker that if he "violat[ed] the supervised release in any way [he could] be sent back to jail for violation without trial."
 
 
 5
 We decline to address issues which Walker failed to raise in the district court. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3