**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                          No. 95-5258

DERICH JUNIOR WALL,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Rockingham.
William L. Osteen, Sr., District Judge.
(CR-94-245)

Submitted: December 19, 1996

Decided: January 2, 1997

Before ERVIN and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Cynthia A. Hatfield, HATFIELD & HATFIELD, Greensboro, North
Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Michael F. Joseph, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Derich Junior Wall was convicted by a jury of conspiracy to possess with intent to distribute cocaine hydrochloride (21 U.S.C.A. §§ 841(a)(1), (b)(1)(C), 846 (West 1981 & Supp. 1996)), possession with intent to distribute cocaine hydrochloride (21 U.S.C.A. § 841(a)(1), (b)(1)(C); 18 U.S.C. § 2 (1994)), carrying and using a firearm during a drug trafficking crime (18 U.S.C.A.§ 924(c)(1) (West Supp. 1996), 18 U.S.C. § 2), and possession of a firearm in commerce after a felony conviction (18 U.S.C.A.§§ 922 (g)(1), 924(e)(1) (West Supp. 1996), 18 U.S.C. § 2). He appeals his conviction and sentence. Wall's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues, but indicating that, in his view, there are no meritorious issues for appeal.

On March 21, 1994, two gunmen entered Devon Washington's apartment, shot him, and robbed him of 274 grams of cocaine. Later that day, police arrested Charles Cromer and Derich Junior Wall. Wall gave three separate confessions, admitting that he shot Washington and that he and Cromer stole the victim's cocaine. At Wall's trial, Cromer testified that neither he nor Wall were involved in the crimes, but later, at his own sentencing hearing, Cromer admitted that he had lied during Wall's trial. Wall testified on his own behalf at his trial, claiming that he had not been involved in the crimes and that he had fabricated his confessions to protect the actual perpetrators and out of fear for his family.

On appeal, Wall claims that the evidence was insufficient to support his convictions. "To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993); see Glasser v. United States, 315

2

U.S. 60, 80 (1942). This court considers circumstantial and direct evidence and allows the government the benefit of all reasonable inferences from the facts proved to the facts sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). If substantial evidence exists to support a verdict, the verdict must be sustained. Glasser, 315 U.S. at 80. Further, even if some facts support a contrary conclusion, this court does not weigh the evidence or judge the credibility of witnesses. United States v. Reavis, 48 F.3d 763, 771 (4th Cir.) (citing United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989)), cert. denied, ___ U.S. #6D6D 6D#, 63 U.S.L.W. 3890 (U.S. June 19, 1995)(No. 94-9316). Our review of the record discloses that there was sufficient evidence to support each of Wall's convictions.

Next, Wall contends that, in enhancing his sentence under 18 U.S.C.A. § 924(e), the district court improperly relied upon his prior North Carolina conviction for breaking and entering a commercial building in violation of N.C. Gen. Stat. § 14-54 (1993). Wall argues that his 1989 conviction for breaking or entering a commercial building does not constitute a violent felony for purposes of § 924(e). As Wall's counsel notes in his brief, however, this court has held that convictions under N.C.G.S. § 14-54 qualify as violent felonies under § 924(e). United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir. 1992), cert. denied, 507 U.S. 945 (1993).

Finally, Wall charges that his convictions for both possession of a firearm by a convicted felon and carrying or using a firearm during a drug trafficking crime violate the prohibition against double jeopardy. Because these crimes have different elements, convictions for both crimes pose no double jeopardy problem. United States v. Johnson, 977 F.2d 1360, 1375 (10th Cir. 1992), cert. denied, 506 U.S. 1070 (1993); United States v. McKinney, 919 F.2d 405, 416-17 (7th Cir. 1990); United States v. Hunter, 887 F.2d 1001, 1003 (9th Cir. 1989), cert. denied, 493 U.S. 1090 (1990).

In accordance with the requirements of Anders , we have examined the entire record in this case and find no other meritorious issues for appeal. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such

3

a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4