127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United STATES of America, Plaintiff-Appellee,
v.
Alfred Mancao, III, Defendant-Appellant.
 No. 97-10142.
 United States Court of Appeals, Ninth Circuit.
 Oct. 24, 1997.
Submitted Oct. 20, 1997**
 
 Appeal from the United States District Court for the District of Hawaii
 Alan C. Kay, Chief Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 KAY
 
 2
 Alfred Mancao III appeals his guilty plea conviction for using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), for which he was sentenced to 96 months imprisonment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Mancao challenges the factual basis for his guilty plea, asserting that he did not knowingly carry the firearm. This contention lacks merit.
 
 
 4
 Here, in his plea agreement, Mancao admitted that he was holding a backpack on his lap when he conducted the drug deal. Mancao also admitted that he kept a loaded firearm in the backpack for protection during the transaction. Furthermore, at the guilty plea hearing, Mancao admitted that he knew the gun was in the backpack and that he had carried the gun for protection. Accordingly, we conclude that there was a sufficient factual basis to establish that Mancao knowingly carried the firearm. See United States v. Staples, 85 F.3d 461, 464 (9th Cir.), cert. denied, 117 S.Ct. 318 (1996) (defendant admitted in plea agreement that he knowingly carried firearm in glove compartment of car from which he distributed drugs); see also Bailey v. United States, 116 S.Ct. 501, 507 (1995) (suggesting that offender carries gun when gun is hidden in clothing during drug transaction). Because the firearm facilitated or had the potential of facilitating the offense, the "in relation to" requirement of section 924(c)(1) is satisfied. See Smith v. United States, 508 U.S. 223, 238 (1993) (defining "in relation to").
 
 
 5
 Mancao also contends that his section 924(c)(1) conviction cannot stand because the underlying drug trafficking charge was dismissed and conspiracy is not a drug trafficking crime. This contention fails, because section 924(c) applies whether or not the defendant has been convicted of the underlying offense. See United States v. Hunter, 887 F.2d 1001, 1003 (9th Cir.1989) (per curiam). In addition, under section 924, a "drug trafficking crime" is "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et nseq.)." See 18 U.S.C. § 924(c)(2). Here, Mancao pleaded guilty to a violation of 21 U.S.C. § 846, a felony punishable under the Controlled Substances Act.
 
 
 6
 Finally, Mancao contends that his sentence is unfair because it is disproportionate to the sentences imposed upon his coconspirators who were not sentenced under section 924(c). This contention is meritless, because sentencing disparity alone is not a sufficient ground for challenging an otherwise proper Guidelines sentence, and Mancao has not shown that the district court relied on incorrect or inadmissible information, or incorrectly applied the Guidelines. See United States v. Carpenter, 914 F.2d 1131, 1136 (9th Cir.1990). In any event, the district court was required to impose the 60-month consecutive sentence. See 18 U.S.C. § 924(c)(1).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3