**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Eric Shawn WELLS, Defendant— Appellant.**

No. 04–50296.

D.C. No. CR–02–00624–3–MJL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2005.

Decided Jan. 12, 2006.

Asst. U.S. Atty., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Antonio F. Yoon, San Diego, CA, for Defendant–Appellant.

Before GRABER, McKEOWN, and W. FLETCHER, Circuit Judges.

## AMENDED MEMORANDUM *

Defendant Eric Shawn Wells appeals his conviction, after a jury trial, for violating 18 U.S.C. § 1959(a)(5), violent crimes in aid of racketeering, and 18 U.S.C. § 924(c), use of a firearm during a violent offense. We reverse and remand for a new trial.

■ 1. The district court did not abuse its discretion, *United States v. Rahm*, 993 F.2d 1405, 1409–10 (9th Cir.1993), in admitting Detective Carter's expert testimony about Wells' membership in the West Coast Crips and about his gang moniker. *See United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir.2000) (holding that police officers with "years of experience and special knowledge" of gangs may qualify as expert witnesses). An expert may base an opinion on inadmissible evidence, including hearsay, of a kind that experts in the field regularly consult. Fed.R.Evid.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

703; *Hankey,* 203 F.3d at 1169. Because Detective Carter testified and was available for cross-examination, her reliance on hearsay to form her opinion did not violate the Confrontation Clause. *United States v. Beltran–Rios,* 878 F.2d 1208, 1213 n. 3 (9th Cir.1989).

■ With regard to Detective Carter's opinion of gang membership, Wells failed to object in district court. Thus we review only for plain error, Fed.R.Crim.P. 52(b), and we find none.

■ With regard to Wells' gang moniker, the notation "Mr. CM1" in the Huff memorial book was not a commonly understood nickname; the district court did not abuse its discretion in allowing Detective Carter to express an opinion, based on her expertise, of its meaning and significance. Additionally, any error was not prejudicial because of Wells' own admissible statement that the notation meant that "you murder Crips."

■ 2. The district court did not abuse its discretion, *United States v. Adamson,* 291 F.3d 606, 612 (9th Cir.2002), in limiting evidence concerning Wells' state court plea colloquy. Wells' incriminating statements were admissible under Federal Rule of Evidence 801(d)(2)(A). He argues that he should have been allowed to introduce evidence about the circumstances of the state-court plea. The district court excluded that evidence under Federal Rule of Evidence 403 because it would require an explanation of the difference between federal and state charges, lead the jury to speculate about why the federal charges were brought, cause jury confusion, and waste time and resources.

■ Wells' assertion that the court violated 18 U.S.C. § 3501 is not well taken because that statute pertains to "relevant evidence on the issue of voluntariness," and there was no issue here of the voluntariness of Wells' state plea colloquy. We disagree with Wells' additional argument that the district court abused its discretion under Rule 403. Wells did not contradict the state-court statements in his testimony in federal court; he continued to admit that the shooting incident was gang-related and that the others involved were motivated by retaliation (even though he claimed that he was not so motivated).

■ 3. The district court abused its discretion in admitting the "enterprise calls" against Wells and in denying the motion under Federal Rule of Criminal Procedure 8(b) to sever Wells' trial from Wicker's. *See United States v. Sarkisian,* 197 F.3d 966, 975 (9th Cir.1999) (holding that denial of a motion for severance is reviewed for abuse of discretion).

The district court erred insofar as it admitted the calls under Rule 801(d)(2)(E) because the court did not follow the Rule's requirement first to "determine by a preponderance of the evidence that there was a conspiracy between the declarant and the nonoffering party, and that the statement was made 'in the course of and in furtherance' of the conspiracy." *United States v. Vowiell,* 869 F.2d 1264, 1267 (9th Cir.1989) (quoting *Bourjaily v. United States,* 483 U.S. 171, 174, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987)).

■ Insofar as the court admitted the calls as nonhearsay proof of the criminal enterprise, and not for the truth of the matters asserted in the calls,[1] the court erred because the unfair prejudice of the calls substantially outweighed their probative value in the particular circumstances of this trial. Although Wicker was a party

---

1. The government has not argued that the calls were admissible for any other reasons than the two discussed in text.

to most of the calls, so that the calls properly were admitted against him, Wells was not a party to any of them. All calls took place after Wells was arrested, they were highly inflammatory, and other, less inflammatory, evidence was introduced to prove the existence and nature of the criminal enterprise. We conclude that the joinder with Wicker and the admission of the calls, in combination, require us to reverse Wells' conviction under § 1959 and remand for a new trial.

4. The conviction for use of a firearm depends on the predicate crimes that we have reversed. Although the government need not *charge* an underlying offense to prove a violation of § 924(c), it must *prove* an underlying offense. *United States v. Hunter*, 887 F.2d 1001, 1003 (9th Cir.1989) (per curiam). As we have held above, unlike in *Hunter*, the underlying charges (which the government chose to bring against Wells) were not validly proved. That being so, the premise for the § 924(c) charge is absent, and this conviction, too, must be reversed.

5. Because we reverse and remand, we need not reach any of Wells' arguments concerning the sentence previously imposed.

REVERSED and REMANDED for a new trial.

ORDER

The petition for panel rehearing is GRANTED. The memorandum disposition filed on October 21, 2005, is amended. The amended memorandum disposition will be filed concurrently with this order.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

No further petitions for rehearing or for rehearing en banc may be filed.