**UNITED STATES of America, Plaintiff–Appellee/Cross–Appellant,**

v.

**Godlife Asad MUHAMMAD, aka Godlife Muhammad; aka Kiven Ross, Defendant–Appellant/Cross–Appellee.**

**Nos. 04–10606, 06–10325, 06–10370.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 25, 2007.*

Filed Oct. 4, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

George L. Bevan, Jr., AUSA, USSF–Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee/Cross–Appellant.

Shana Keating, Law Offices of Shana Keating, San Francisco, CA, for Defendant–Appellant/Cross–Appellee.

Before: GIBSON,** BERZON, and BEA, Circuit Judges.

### MEMORANDUM ***

Appellant, Godlife Asad Muhammad, appeals his conviction following a jury trial, and the government cross-appeals Appellant's sentence. Appellant was convicted of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1); possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The government cross-appeals the district court's ruling that Appellant's 60–month sentence for the violation of § 922(g) should be served concurrently, rather than consecutively, with Appellant's 60–month sentence for the violation of § 924(c) and his 10–month sentence for the violation of § 841(a)(1). We affirm Appellant's conviction and grant the government's cross-appeal, reversing the calculation of Appellant's sentence.

### Appellant's Conviction

This case arises from a warrantless search of two storage units leased by Appellant, in which the police discovered two to three pounds of marijuana and a loaded firearm.[1]

■ The district court correctly denied Appellant's motion to suppress the firearm. We find no merit in Appellant's argument the firearm found in the storage locker inhabited by Appellant and his girlfriend at the time, Danielle Gulley, should not have been admitted into evidence, because it was the fruit of an un-*Mirandized* statement Appellant made while he was detained. Such physical evidence is not self-incriminating. Physical evidence obtained due to a voluntary un-*Mirandized* statement is admissible. *United States v. Patane,* 542 U.S. 630, 636, 643, 124 S.Ct. 2620, 159 L.Ed.2d 667 (2004).

■ Further, Appellant was on probation for a prior felony conviction. As a condition of his probation, he had consented to a conditional search clause, which extended to his vehicle, residence, person, or any property under his control. Detective Sellers confirmed Appellant leased the storage locker. The officers therefore needed only a reasonable suspicion of criminal activity to conduct a search. *United States v. Knights,* 534 U.S. 112, 121, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001). Prior to Appellant's un-*Mirandized* statement, Officer Fernandez observed numerous marijuana stems and buds hanging from coat hangers in the rear of the unit near the mattress. The officers therefore had a reasonable suspicion the amount of marijuana was for an unlawful use, and their search was justified.

■ We also find no merit in Appellant's argument that the evidence was insufficient to support his conviction. We review the sufficiency of the evidence *de novo* and "must examine the ruling in the light most favorable to the Government and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Johnson,* 357 F.3d 980, 983 (9th Cir.2004) (internal quotation marks omitted). There was sufficient evi-

---

** The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The parties are familiar with the facts of this case and we recite them only as necessary to our disposition.

dence to allow a reasonable trier of fact to find Appellant guilty on each count of the indictment beyond a reasonable doubt:

1. The parties stipulated at trial that Appellant "had been convicted of a crime punishable by a term of imprisonment exceeding one year as that term is used 18 U.S.C. § 922(g)(1)." The government introduced evidence the loaded firearm easily was accessible under the edge of Appellant's futon mattress, within just a few feet of substantial amounts of marijuana; Appellant had rented the storage unit where the firearm was found and where he appeared to be living; Gulley had last seen the firearm on a shelf in that storage unit and testified she did not place it under the mattress; and Appellant and Gulley were the only people in the storage unit. These facts are sufficient evidence for a rational jury to find beyond a reasonable doubt Appellant was a felon in possession of the firearm and ammunition. 18 U.S.C. § 922(g)(1).

2. The government introduced evidence the substance discovered in the storage unit leased by Appellant was approximately two to three pounds of marijuana and this quantity was not consistent with personal use.[2] The officers also found: two live marijuana plants, several bags of loose and processed marijuana, 40–50 empty plastic baggies, and disassembled hydroponic equipment. They also found a loaded firearm within a few feet of the marijuana. Gulley testified Appellant did not use marijuana and the officers found no usage paraphernalia. Appellant had $260 in cash on him at the time of his arrest, and he recently had paid $1,365 in cash to the storage unit company over a period of two weeks to rent the units. This evidence was sufficient for a rational jury to find beyond a reasonable doubt

Appellant knowingly possessed the marijuana with intent to distribute it. 21 U.S.C. § 841(a)(1).

3. In view of the jury's finding Appellant had intent to distribute the marijuana, the jury could rationally infer the firearm was for the protection of the Appellant's marijuana. The government introduced evidence the firearm found in Appellant's storage unit was loaded, located in a place easily accessible to where Appellant appeared to sleep, and within just a few feet of two to three pounds of marijuana. This was sufficient evidence for a rational jury to find that Appellant possessed the firearm in furtherance of a drug trafficking crime. 18 U.S.C. § 924(c)(1)(A)(i), (c)(2).

We also reject Appellant's other claims. 18 U.S.C. § 922(g)(1) is not facially unconstitutional as violative of the Equal Protection Clause as made applicable to the Federal Government. There is a rational basis for penalizing convicted felons for possession of firearms while persons not convicted of felonies may possess such arms. The legislature can rationally find a greater danger is posed by felons' possession of firearms than possession by unconvicted, ordinary persons. *Lewis v. United States*, 445 U.S. 55, 67, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980); *United States v. Hancock*, 231 F.3d 557, 567 (9th Cir. 2000); *see also United States v. McKenzie*, 99 F.3d 813, 819 (7th Cir.1996).

There was no error in the trial court's failure to hold a competency hearing either before trial or at sentencing. There is no substantial evidence that Appellant could not assist counsel with a reasonable degree of rational understanding or that Appellant did not have both a rational as well as factual understanding of the nature of the proceedings against him. *Dusky v. United States*, 362 U.S. 402, 402, 80 S.Ct. 788, 4

2. Dr. Rowell testified that one ounce of marijuana suffices to make 90 cigarettes.

L.Ed.2d 824 (1960); *Davis v. Woodford,* 384 F.3d 628, 644–45 (9th Cir.2004). Appellant's failure to take the plea offered to him may have been unwise, but it does not constitute substantial evidence he may have been incompetent. *See Davis,* 384 F.3d at 645.

### Appellant's Sentence

■ The district court erred in holding Appellant's 60–month sentence for 18 U.S.C. § 922(g) should be served concurrently, rather than consecutively, with Appellant's 60–month sentence for the violation of 18 U.S.C. § 924(c). We review *de novo* the district court's interpretation of section 924(c). *United States v. Andrews,* 75 F.3d 552, 557 (9th Cir.1996).

18 U.S.C. § 924(c) provides, in pertinent part:

> no term of imprisonment imposed on a person under this subsection shall run concurrently with *any other term of imprisonment* imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

18 U.S.C. § 924(c)(1)(D)(ii) (emphasis added). This statute unambiguously prohibits the district court from ordering a term of imprisonment under § 924(c) run concurrently with "any other term of imprisonment." *See United States v. Gonzales,* 520 U.S. 1, 9–10, 117 S.Ct. 1032, 137 L.Ed.2d 132 (1997); *United States v. Ramirez–Rangel,* 103 F.3d 1501, 1506 (9th Cir.1997) ("The sentence under section 924(c)(1) must be served consecutively to any other term of imprisonment, including that imposed for the drug trafficking offense in which the firearm was used or carried.").

Appellant argues § 924(c) does not mandate "double punishment" for "possession of the same gun in the same instance under two separate statutes." We have already rejected this very contention in *United States v. Hunter,* 887 F.2d 1001 (9th Cir.1989). There, we held that because "conviction of the offense under section 924(c)(1) requires proof of elements not required for conviction under Section 922(g)(1)," consecutive sentences do not violate the Double Jeopardy Clause. *Id.* at 1003. Appellant's sentence for each count of the indictment must be served consecutively.

Accordingly, the judgment of conviction of Appellant is *affirmed,* and the matter is *remanded* to the district court for immediate re-sentencing pursuant to the views expressed herein. **The district court is advised that Appellant's current release date is next Monday, October 8, 2007.**

The Clerk shall fax a copy of this order to the district court and counsel for all parties, and shall send a copy of this order to the Warden of the United States Penitentiary at Atwater by certified mail, return receipt requested, and by e-mail to:

Warden

USP ATWATER

U.S. Penitentiary

P.O. Box 019000

1 Federal Way

Atwater, CA 95301

*ATW/EXECASSISTANT@BOP.GOV*

A copy of this order sent to the district court shall constitute the mandate.

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED.**