NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-16906 |
| Plaintiff-Appellee, | D.C. Nos. 1:16-cv-00206-HG-RLP 1:08-cr-00736-HG-1 |
| v. | |
| BRONSON MCSHANE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted October 12, 2021[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, MILLER, and LEE, Circuit Judges.

Defendant-Appellant Bronson McShane appeals the district court's denial of

his federal habeas petition challenging his conviction and sentence for use of a

firearm during and in relation to a crime of violence in violation of 18 U.S.C.

§ 924(c)(1)(B)(i). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

affirm.

We review de novo a district court's decision to deny a federal prisoner's 28 U.S.C. § 2255 motion. *United States v. Guess*, 203 F.3d 1143, 1145 (9th Cir. 2000). At the same time, we review the district court's factual findings "for clear error." *Id.*

1.       McShane argues his § 924(c) conviction must be vacated because he was convicted of only conspiracy to commit Hobbs Act robbery and not Hobbs Act robbery itself.  McShane argues that after *Johnson v. United States*, 576 U.S. 591 (2015) and *United States v. Davis*, 139 S. Ct 2319 (2019), conspiracy to commit Hobbs Act robbery can no longer serve as the predicate "crime of violence" for a § 924(c) conviction.  Because the residual clause definition of a "crime of violence" is now void, he argues that the conspiracy to commit Hobbs Act robbery does not fit the elements clause definition.

Despite some ambiguity in the record, the record as a whole appears to show McShane was convicted of both conspiracy to commit Hobbs Act robbery *and* Hobbs Act robbery itself.  But we need not determine whether McShane was convicted of Hobbs Act robbery because we have held that § 924(c) does not require a *conviction* of a predicate offense, only underlying conduct of a predicate offense. *See United States v. Hunter*, 887 F.2d 1001, 1003 (9th Cir. 1989) (per curiam) (noting that a defendant charged with violating § 924(c) "must be proven to have committed the underlying crime, but nothing in the statute or the legislative

2

history suggests he must be separately charged with and convicted of the underlying offense"). Because the transcript from McShane's change of plea hearing reflects that McShane admitted to all the facts needed to prove Hobbs Act robbery, McShane's argument fails. *See United States v. Dominguez*, 954 F.3d 1251, 1262 (9th Cir. 2020) (holding attempted Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)).

2.     McShane also argues that even if Hobbs Act robbery were the predicate offense underlying his § 924(c) conviction, his § 924(c) conviction does not survive *Davis* because his § 924(c) conviction was based on a *Pinkerton* theory of liability for his *coconspirator's* use of a firearm during Hobbs Act robbery. This argument is foreclosed by our recent decision in *United States v. Henry*, 984 F.3d 1343 (9th Cir. 2021). In that case we noted "*Davis* does not conflict with or undermine the cases upholding § 924(c) convictions based on *Pinkerton* liability." *Id.* at 1356.

3.     McShane also argues that after *Rosemond v. United States*, 572 U.S. 65 (2014), only "foreknowledge"—not "foreseeability"—can hold a defendant liable for a co-conspirator's use of a firearm. "*Rosemond* raises some questions about whether advance knowledge should be required for *Pinkerton* liability as well as for aiding-and-abetting liability, but it does not hold that." *Henry*, 984 F.3d at 1356-57. Moreover, here, the transcript from McShane's change of plea hearing reflects McShane did have foreknowledge.

4. Lastly, McShane argues there is "no procedural impediment" to this court granting the habeas relief he seeks. Because we conclude McShane is not entitled to relief, we do not address these other arguments.

**AFFIRMED.**