72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael BENNETT, Defendant-Appellant.
 No. 94-2427.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1995.
 
 1
 Before: BOGGS and DAUGHTREY, Circuit Judges, and MATIA, District Judge.*
 
 ORDER
 
 2
 Michael Bennett appeals his conviction and sentence for using a firearm during the commission of a drug crime, in violation of 18 U.S.C. Sec. 924(c). The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 A federal jury convicted Bennett of this offense and of possessing marijuana for intended distribution within 1000 feet of a school, in violation of 21 U.S.C. Sec. 860. On November 29, 1994, Bennett was sentenced to an aggregate term of 123 months of imprisonment and 8 years of supervised release. It is from this judgment that he now appeals.
 
 
 4
 The record indicates that over 40 mature marijuana plants and a number of seedlings were found growing in Bennett's basement. Bennett's conviction on the marijuana charge is not at issue in this appeal. However, two handguns were found in an upstairs bedroom, and these weapons form the basis of the firearm conviction that Bennett challenges here.
 
 
 5
 Bennett argues that the district court's jury instructions regarding the firearm offense were erroneous and that the court deprived him of a defense because it did not reject his proposed instructions until after the trial was under way. However, Bennett did not formally object to the court's instruction on the use of firearms until after the jury had retired. Therefore, his objections were not timely under Fed.R.Crim.P. 30, which provides that objections to the court's instructions must be made before the jury retires to consider its verdict. See United States v. Hook, 781 F.2d 1166, 1172 & n. 8 (6th Cir.), cert. denied, 479 U.S. 882 (1986); United States v. Hamilton, 684 F.2d 380, 385 (6th Cir.), cert. denied, 459 U.S. 976 (1982). Thus, Bennett's arguments will be reviewed only for plain error that affects his substantial rights. See United States v. Sherrod, 33 F.3d 723, 724 (6th Cir.1994), cert. denied, 115 S.Ct. 1317 (1995); Hook, 781 F.2d at 1172.
 
 
 6
 The court instructed the jury in pertinent part as follows:
 
 
 7
 Although it is not sufficient for you to find Mr. Bennett guilty if you find that he merely owned or possessed the firearms in question, if you do find that, beyond a reasonable doubt, that Michael Bennett kept the weapons readily accessible in order to secure or enforce his drug operation, then you may find him guilty of the crime charged in Count 2. For purposes of Count 2, the law does not require the government to prove that the firearms were loaded. Unloaded guns qualify as firearms and fall within the ambit or the purview of Section 924(c). Their unloaded status is not determinative on the issue of whether the guns were used. Thus if you find beyond a reasonable doubt that the firearms were used to secure or enforce Mr. Bennett's drug operation, even though unloaded, you may find him guilty of the crime charged in Count 2.
 
 
 8
 Bennett now argues that the court's instruction did not require the jury to find that the firearms were an integral part of the drug offense and that it allowed the jury to convict him without considering the proximity of the firearms either to himself or the drugs in question. These arguments fail because the court properly advised the jury that mere ownership or possession was not sufficient and that they must find beyond a reasonable doubt that Bennett had the firearms readily accessible to secure or enforce his drug operation. See United States v. Nelson, 27 F.3d 199, 201-02 (6th Cir.1994); United States v. Vincent, 20 F.3d 229, 234 (6th Cir.1994).
 
 
 9
 Bennett also argues that the court's instructions did not allow the jury to consider the possibility that the guns may have been unloaded. However, the court did not preclude consideration of this possibility, although it properly advised the jury that unloaded guns could qualify as firearms under Sec. 924(c). See Nelson, 27 F.3d at 201-02; United States v. Castro-Lara, 970 F.2d 976, 982-83 (1st Cir.1992) (collecting cases), cert. denied, 113 S.Ct. 2935 (1993).
 
 
 10
 The court did not make a formal ruling on the instructions until after the trial had begun. Bennett now argues that he would not have presented the same defense if he had known that his instructions would be rejected and that he was prejudiced because defense counsel conceded that the handguns were found in his home and that he had at least constructive possession of them. However, the trial court's procedure complied with Fed.R.Crim.P. 30, which only requires that the court advise counsel of its decision regarding their proposed instructions prior to their closing arguments to the jury. See United States v. Bowman, 798 F.2d 333, 336 (8th Cir.1986), cert. denied, 479 U.S. 1043 (1987); United States v. Fusaro, 708 F.2d 17, 22 (1st Cir.), cert. denied, 464 U.S. 1007 (1983).
 
 
 11
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation