UNITED STATES of America, Plaintiff–Appellee,

v.

**Richard Arnold LINARES, Defendant–Appellant.**

No. 89–50098.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 31, 1989.

Memorandum Filed Sept. 12, 1990.

Opinion Dec. 10, 1990.

See also 680 F.Supp. 1411.

Judy Clarke, Deputy Federal Public Defender, San Diego, Cal., for defendant-appellant.

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by

Judith S. Feigin, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before HUG, and CANBY, Circuit Judges, and EZRA,* District Judge.

## ORDER

The memorandum disposition filed September 12, 1990 is redesignated as an authored opinion by District Judge Ezra.

## OPINION

DAVID A. EZRA, District Judge:

Richard Arnold Linares appeals his sentence of one year supervised release and six months incarceration for a 21 U.S.C. § 844(a) misdemeanor offense of possession of a controlled substance. Linares asks the court to reverse his sentence and remand his case to the district court with instructions to vacate the one year term of supervised release and impose no more than a six month term of supervised release. Appellant argues that the imposition of a one year term of supervised release in addition to a six month custody sentence exceeds the one year maximum sentence permissible for a 21 U.S.C. § 844(a) offense. The appellant also contends that the district court erred in imposing a sentence that subjects him to the possibility of imprisonment for more than one year because the defendant had not been indicted for the offense, but had entered a guilty plea to an information charging him with the offense. For the reasons set forth below, we affirm the district court.

## BACKGROUND

On December 2, 1987, the Federal Grand Jury for the Southern District of California returned a criminal indictment, charging the appellant with possession of a con-

designation.

trolled substance with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), a felony, and with the use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), also a felony.

On February 22, 1988, the government filed a superseding information (dated February 19, 1988) charging the appellant with misdemeanor possession of 10 grams of methamphetamine, a controlled substance, in violation of 21 U.S.C. § 844(a). On the same date, the appellant pled guilty to the offense contained in the information. On May 16, 1989, the district court imposed a sentence of six months custody to be followed by one year of supervised release.

Defendant appealed the sentence and this court remanded the case for resentencing in light of its decision in *Gubiensio-Ortiz v. Kanahele*, 857 F.2d 1245 (9th Cir. 1988), *vacated sub nom, United States v. Chavez-Sanchez*, 488 U.S. 1036, 109 S.Ct. 859, 102 L.Ed.2d 984, *aff'd on remand*, 871 F.2d 104 (9th Cir.1989). On February 9, 1989, the district court orally pronounced the reimposition of the original sentence of six months imprisment and one year supervised release. On February 10, 1989, the appellant noted the instant appeal, and on April 8, 1989, the district court entered its previously pronounced judgment.

## DISCUSSION

### A. *Standard of Review*

■ This court reviews *de novo* the legality of a sentence and the interpretation of a federal statute. *United States v. Martinez–Jimenez*, 864 F.2d 664, 665–666 (9th Cir.1989); *United States v. Heredia–Fernandez*, 756 F.2d 1412, 1417 (9th Cir.) *cert. denied*, 474 U.S. 836, 106 S.Ct. 110, 88 L.Ed.2d 90 (1985). Whether an information is sufficient to charge a defendant in a particular situation is a question of law that this court also reviews *de novo*. *Givens v. Housewright*, 786 F.2d 1378, 1380 (9th Cir.1986).

### B. *Ripeness of Appellant's Claim*

■ Appellant Linares attacks the sentence as being beyond the one year maximum term of imprisonment for first time offenders as set forth under 21 U.S.C. § 844(a) for misdemeanor simple possession of controlled substances. Our prior decisions in *United States v. Doering*, 909 F.2d 392 (9th Cir.1990); *United States v. Montenegro–Rojo*, 908 F.2d 425, 432 n. 9 (9th Cir.1990); and *United States v. Robertson*, 901 F.2d 733 (9th Cir.1990) preclude Linares's general argument that the sum of his supervised release term and the term of his custodial sentence may not exceed the statutory maximum term of imprisonment. *Doering*, 909 F.2d at 393; *Montenegro–Rojo*, 908 F.2d at 433; *Robertson*, 901 F.2d at 735.

■ Linares, however, raises an argument that was not squarely addressed, and is not entirely foreclosed by the *Doering*, *Montenegro–Rojo* and *Robertson* rulings. Linares asserts that because the sentence includes a one year term of supervised release in addition to his sentence of six months imprisonment, the sentence renders the appellant amenable to imprisonment for more than one year if the district court revokes the supervised release. The appellant correctly notes that under 18 U.S.C. § 3583(e)(3), the district court may revoke the term of supervised release and require him to serve all or part of the term of supervised release in prison.

■ The issue Linares raises is not ripe for review. Linares is not challenging the imposition of supervised release; he is challenging the potential revocation of his supervised release and the effect it would have upon his ultimate punishment. We conclude that he lacks standing to challenge hypothetically a revocation that may never occur.[1] *See United States v. Montenegro–Rojo*, 908 F.2d at 432 n. 9 (noting that appellant's argument concerning the potential revocation of supervised release and substituting imprisonment for a portion thereof described "a hypothetical situ-

---

1. There is no suggestion in the record that appellant is in danger of having his supervised release revoked.

ation that has not occurred" and that appellant lacked standing to raise the argument).[2]

## C. *The Lack of an Indictment*

■ Appellant Linares also argues that in light of the sentence the district judge imposed for his misdemeanor conviction, the prosecution improperly charged him by way of an information rather than by indictment. Linares notes that Fed.R. Crim.P. 7(a) requires that "[a]n offense which may be punished by imprisonment for a term exceeding one year ... shall be prosecuted by indictment or, if indictment is waived, it may be prosecuted by information." He also asserts that under this court's holding in *United States v. Ramirez*, 556 F.2d 909, 920 (9th Cir.1976), the failure to proceed by indictment in the prosecution of an offense which is punishable by more than one year violates the defendant's right not to be held to answer to an "infamous crime" except by indictment. Consequently, appellant concludes, because he did not waive indictment, the district court's imposition of a sentence that rendered him liable to imprisonment for more than a year violated both his right to be prosecuted by indictment under Rule 7(a) of the Federal Rules of Criminal Procedure and his fifth amendment right not to be prosecuted for an "infamous crime" except by indictment.[3]

■ Our decision today holds that Linares was not subject to a term of imprisonment of more than one year. He was thus not prosecuted for an "infamous crime" within the meaning of the fifth amendment. It is clear that appellant's

prosecution initiated by information did not violate his right to be indicted for an infamous crime.[4]

## CONCLUSION

We conclude that appellant is foreclosed by our prior decisions from arguing that the sum of his supervised release term and the term of his custodial sentence exceeds the length of sentence the district judge may properly impose. We further conclude that the appellant lacks standing to assert that revocation of his term of supervised release will result in a term of imprisonment of greater than one year. The court affirms appellant's sentence of six months custody and one year supervised release.

AFFIRMED.

---

2. Whether a district court may convert a misdemeanant's term of supervised release into a term of imprisonment, which when combined with the original term of imprisonment exceeds one year is an issue which we do not decide.

3. The indictment clause of the fifth amendment provides:

No person shall be held to answer for a capital, or other infamous crime, unless on a presentment or indictment of a Grand Jury.

4. The court also notes that the government initiated appellant's prosecution by a felony indictment which was superseded by an information that contained all of the facts contained in the original indictment. Under our holdings in

*United States v. Ramirez*, 556 F.2d 909 (9th Cir.1976), and *United States v. Amidon*, 627 F.2d 1023 (9th Cir.1980), the defendant has been, in effect, held to answer for the offense by indictment, although the actual instrument charging the defendant with the misdemeanor was an information. Therefore the original indictment would have been sufficient to protect Linares's fifth amendment right not to be held to answer for an infamous crime except upon indictment, had we held that the combination of the term of supervised release and imprisonment converted his misdemeanor prosecution into a prosecution for an infamous crime.