959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sherilyn Yvette RAY, Defendant-Appellant.
 No. 91-50508.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sherilyn Yvette Ray appeals her sentence imposed following entry of a guilty plea to knowingly producing a false identification document in violation of 18 U.S.C. § 1028(a)(1). Ray contends the district court erred by affirming the magistrate judge's decision (1) to adjust upward her offense level for abuse of a position of trust and (2) to impose a sentence which exposes her to more than one year of imprisonment.[1] We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * Abuse of Trust
 
 
 4
 Ray contends the magistrate judge erred by adjusting upward her offense level for abuse of a position of trust because numerous other employees at her place of work had access to the same information that she did. This contention is without merit.
 
 
 5
 We review de novo "whether an abuse of a position of trust must implicate a special privilege accorded someone in [the defendant's] position." United States v. Foreman, 926 F.2d 792, 795 (9th Cir.1990); see also United States v. Hill, 915 F.2d 502, 505 (9th Cir.1990). We review for clear error the district court's factual determination that a defendant abused the position of trust. Foreman, 926 F.2d at 795.
 
 
 6
 U.S.S.G. § 3B1.3 provides for a two level enhancement of a defendant's offense level if she "abused a position of public or private trust ... in a manner that significantly facilitated the commission or concealment of the offense...." If the trustor cannot objectively and expediently determine the trustee's honesty, or if the trustee can leave the area of the crime before it is discovered, the trustee is generally in a position of trust. Hill, 915 F.2d at 506. The adjustment is appropriate if the position in question provided a greater opportunity to commit the crime than the opportunity available to the public at large. Id. at 507-08.
 
 
 7
 Here, Ray was employed by Associated Financial Services Association (AFSA). As a customer service representative, Ray was privy to confidential financial information contained in AFSA's records and not available to the public at large. Ray used this access to obtain financial information on AFSA customers. This allowed her to establish fraudulent credit lines at several businesses. Ray was caught only after one of the victims reported to the Secret Service that someone had been using her name and social security number to obtain fraudulent credit.
 
 
 8
 According to the record, Ray's employer had no way of ensuring that the information to which Ray had access was used only for the purposes for which it was intended.[2] Thus, she could not objectively and expediently be monitored by AFSA, the trustor acting as agent of AFSA's customers. See Hill, 915 F.2d at 507. Further, given the difficulty of monitoring Ray's use of the information she had access to, she was clearly in a position where she could commit the crime and flee before its discovery. See id. Therefore, in light of the evidence, we hold that the district court did not clearly err by finding that Ray abused her position of trust when she used her access to confidential financial information in order to perpetrate her fraud. See id. at 508.
 
 II
 Legality of the Sentence
 
 9
 Ray contends that her sentence exposes her to a greater term of incarceration than the statute under which she was convicted allows and that it violates the fifth amendment requirement that infamous crimes must be charged by indictment, not information. These contentions are without merit.
 
 
 10
 We review de novo the legality of a sentence and the district court's interpretation of a federal statute. United States v. Linares, 921 F.2d 841, 843 (9th Cir.1990). We have previously held that the legality of a sentence such as the one imposed on Ray is not ripe for review where, as here, the appellant is challenging "the potential revocation of [her] supervised release and the effect it would have upon [her] ultimate punishment." See id. Further, "a person convicted of a misdemeanor who faces an authorized punishment of one year of incarceration plus one year of supervised release is not subject to a term of imprisonment for more than one year for purposes of the Indictment Clause." United States v. Purvis, 940 F.2d 1276, 1280 (9th Cir.1991). Even if we were to consider Ray's claim on the merits, we have expressly held that a district court may impose and revoke a term of supervised release that results in a total period of incarceration greater than that authorized by the statutory maximum. See id. at 1279; Linares, 921 F.2d at 843.
 
 
 11
 Ray urges us to reconsider the holdings of both Purvis and Linares. However, it is well established that a panel not sitting en banc may not overturn Ninth Circuit precedent. Nichols v. McCormick, 929 F.2d 507, 510 n. 5 (9th Cir.1991), cert. denied, 60 U.S.L.W. 3580 (Feb. 24, 1992) (No. 91-6906); United States v. Aguilar, 883 F.2d 662, 690 n. 25 (9th Cir.), cert. denied, 111 S.Ct. 751 (1991). Therefore, Ray's argument must fail.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This is an appeal from an order of the district court affirming a sentence imposed by a magistrate judge. The magistrate judge had jurisdiction pursuant to 18 U.S.C. § 3401. The district court had jurisdiction pursuant to 18 U.S.C. §§ 3402 and 3742 and Fed.R.Crim.P. 58(g)
 
 
 [2]
 Ray argues that the fact that the Secret Service was able to track her down by comparing credit applications in the victim's files with Ray's handwriting exemplars demonstrates how easily AFSA could have monitored her activities. By this logic, Ray would require her employer to engage in the herculean task of constantly comparing credit applications made by its approximately 1.2 million customers with handwriting exemplars provided by AFSA's customer service representatives in order to prevent frauds such as that perpetrated by Ray