972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard Lincoln JONES, Defendant-Appellant.
 No. 91-50786.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 19, 1992.
Decided Aug. 27, 1992.
 
 Before WILLIAM B. NORRIS, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bernard Lincoln Jones entered a guilty plea to a violation of 21 U.S.C. § 841(a)(1) (1988), possession of methamphetamine with intent to distribute. On November 4, 1991, Jones was sentenced to ninety-two months in prison. He appeals his sentence.
 
 
 3
 * Jones first argues the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(D), and that such error requires reversal of his sentence. The rule states:
 
 
 4
 If the comments of the defendants and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report ... the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to ... any copy of the presentence investigation report.
 
 
 5
 Fed.R.Crim.P. 32(c)(3)(D). Below we examine each claim of factual inaccuracy.
 
 
 6
 * Jones requested the court order the production of all Drug Enforcement Administration (DEA) chemist reports to substantiate the claim that exhibit 2 contained 105.6 grams of a mixture containing methamphetamine hydrochloride, which was the equivalent of 59.1 grams of pure methamphetamine. Such report would be irrelevant, for there is no disagreement that the agents seized 105.6 grams or that the DEA laboratory found the mixture was 56% pure. Jones only complains that arriving at 59.1 grams actual methamphetamine was erroneous and could not be scientifically supported. However, this number was arrived at through the method explicitly outlined in the Sentencing Guidelines. See discussion infra section II.
 
 B
 
 7
 Jones alleges that the probation officer's adoption of co-defendant Conshafter's post-arrest statements shifted the primary burden of the conspiracy onto Jones. However, the district court explicitly stated that "the matters objected to are not taken into consideration as set in--her written objections." When the district court does not rely on the matters objected to, resentencing is not required under Rule 32(c)(3)(D). United States v. Fernandez-Angulo, 897 F.2d 1514, 1516-17 (9th Cir.1990) (en banc). However, the rule requires the court to append to the Presentencing Report a written statement to this effect, which apparently has not been done. Although this is only a technical violation, we order the district court to complete this ministerial task. Id.
 
 C
 
 8
 Jones objects to the fact that the probation officer used the five gallons of hydriodic acid and the promised one-half pound of methamphetamine in calculating the base offense level. As the government points out, this issue is moot because the district court fixed the base offense level by considering only the methamphetamine actually delivered.
 
 D
 
 9
 Jones objects to the computation of his criminal history category and to the conclusion that Jones was not a minor participant. As to the criminal history category, this issue was abandoned at the sentencing hearing when Jones' attorney admitted she could not prove any of the claims that would support a challenge to Jones' criminal history category. To the extent that Jones may believe these issues not abandoned, he has also failed to support his claims in this regard on appeal.
 
 
 10
 As to the minor participant status, Jones claims the court's failure to grant him minor participant status was based on the statements of co-defendant Conshafter. However, the district court explicitly stated it did not rely on these statements. See discussion supra. The district court also stated that "the probation officer made a fair and objective report," which presumably incorporates by reference the probation officer's explanation for why Jones did not deserve the status of a minor participant. The probation officer cited Jones' behavior, not Conshafter's statements, as justification.
 
 
 11
 Therefore, no error occurred because the district court only relied on uncontested facts and explicitly stated that it did not consider contested facts.
 
 II
 
 12
 Jones objects to the method used in determining the weight of pure methamphetamine. The district court used the computation by the probation officer, and Jones objects to the formula used. We review this claim de novo. United States v. Linares, 921 F.2d 841, 843 (9th Cir.1990).
 
 
 13
 In the instant case, Jones agrees to the fact that the agents seized 105.6 grams, and that the purity was 56%. What he objects to is the finding that this is equivalent to 59.1 grams of actual or pure methamphetamine.
 
 
 14
 The method used to arrive at 59.1 grams derives from the Guidelines and was approved in United States v. Alfeche, 942 F.2d 697, 698-99 (9th Cir.1991). The Guidelines explicitly state that
 
 
 15
 [t]he terms "PCP (actual)" and "Methamphetamine (actual)" refer to the weight of the controlled substance, itself, contained in the mixture or substance. For example, a mixture weighing 10 grams containing PCP at 50% purity contains 5 grams of PCP (actual). In the case of a mixture of substance containing PCP or methamphetamine, use the offense level determined by the entire weight of the mixture of substance, or the offense level determined by the weight of the PCP (actual) methamphetamine (actual), whichever is greater.
 
 
 16
 U.S.S.G. § 2D1.1(c), Drug Quantity Table, n.* (1991).[1] Just as in the Guidelines example, 50% of 10 grams equals 5 grams, in the instant case, 56% of 105.6 grams equals 59.1 grams.
 
 
 17
 Jones argues that a DEA chemist should have made the evaluation. He also attempted to show the results that the method of simple multiplication yields is, in fact, scientifically unsound (see Letter from Dr. Clay M. Sharts to Karen M. Stevens of 10/31/91). This evidence is irrelevant because Dr. Shart's letter considers how much pure substance could be refined from the mixture, not how much pure substance is contained in the mixture. Calculating the amount of pure substance in a mixture by multiplying the amount of methamphetamine by the percentage of purity is precisely the method chosen by the Sentencing Commission to make this calculation and dictated by the Guidelines to determine the defendant's offense level. We see nothing inherently unsound or suspect in this approach to determining the severity of a defendant's sentence.[2]
 
 
 18
 AFFIRMED IN PART AND REMANDED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The version under which Jones was sentenced, U.S.S.G. § 2D1.1(c), Drug Quantity Table, n.* (1990), is essentially the same as quoted above, only without the example involving 10 grams at 50% purity and using the word "pure" instead of "actual." The Guidelines state that "[t]his amendment clarifies the operation of the guideline in cases involving methamphetamine or PCP ... by providing an example of their application." U.S.S.G. Appendix C, Amendment 396 at 225. We have held that "[a] subsequent amendment may be entitled to substantial weight in construing earlier law when it plainly serves to clarify rather than change the existing law." United States v. Martinez, 946 F.2d 100, 102 (9th Cir.1991)
 
 
 [2]
 Dr. Sharts' letter also suggests the government may nevertheless have calculated too high a weight for the pure methamphetamine, ignoring the relative molecular weights of methamphetamine and methamphetamine hydrochloride. But, by the letter's own admission, correcting for this over-estimate results in a finding of 47.53 grams of pure methamphetamine in the sample. This number, while lower than the government's 59.1 gram result, would not affect the base offense level of 28, which the Guidelines prescribe for 40-70 grams of methamphetamine (actual)