103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joe Mitchell LITTLETON, Defendant-Appellant.
 No. 95-5917.
 United States Court of Appeals, Sixth Circuit.
 Dec. 3, 1996.
 
 1
 Before: NELSON and NORRIS, Circuit Judges; COHN, District Judge.*
 
 
 2
 COHN, District Judge.
 
 
 3
 This is a sentencing appeal. Defendant-appellant Joe Mitchell Littleton (Littleton) pled guilty to sixteen counts of Possession and Mailing of Obscene Material, 18 U.S.C. § 1461, and was sentenced to thirty-six months imprisonment with three years of supervised release with conditions. The obscene mailing charges arose out of mailing by Littleton of sexually graphic photographs and letters to sixteen young women. The sentencing court, following the United States Sentencing Guidelines (Nov. 1994) and the recommendations in the presentence report, determined that the sentencing guidelines called for a sentencing range of fifteen to twenty-one months. The sentencing court granted the government's motion for an upward departure, however, because the case was atypical and there were aggravating circumstances.
 
 
 4
 Littleton argues on appeal that the sentencing court erred in granting an upward departure from the sentencing guidelines. Littleton also argues that the sentencing court erred by imposing the following conditions on his supervised release: (1) that he register as a sex offender; (2) that he abstain from alcohol; and (3) that he submit to a plethysmography test. The government argues in response that the sentencing court correctly enhanced Littleton's sentence and imposed these conditions to ensure Littleton's rehabilitation and to protect the public. For the reasons that follow, Littleton's sentence will be affirmed, and we decline to review the conditions of his supervised release.
 
 I.
 A.
 
 5
 Between December 1, 1992, and September 21, 1994, Littleton mailed sexually graphic photographs and letters to sixteen young women aged ten to fourteen. He also telephoned the young women anonymously and harassed them.
 
 
 6
 Littleton found these young women through local Tennessee newspapers, which had published their pictures and names for various reasons. He mailed them explicit photographs of his sex organ in an offensive configuration. He also sent letters explicitly describing unseemly sexual acts that he would like to perform with the young women.
 
 
 7
 At the time of his arrest, Littleton admitted his offenses, stating that he was sick and unable to control his behavior.
 
 B.
 1.
 
 8
 Littleton pled guilty to sixteen counts of intentionally using the United States mails to deliver obscene material.
 
 
 9
 In determining the sentence for Littleton's offense, the sentencing court applied USSG § 2G3.1. Section 2G3.1 establishes a base offense level of ten. The sentencing court enhanced the base offense level by applying USSG §§ 3A1.1 and 3D1.4. Section 3A1.1 adds two levels because there were vulnerable victims, i.e. children. Section 3D1.4 enhances the base offense level for multiple counts, adding a maximum of five levels for five counts or more of the same offense. The sentencing court also deducted three levels because Littleton accepted responsibility for his offenses. USSG § 3E1.1. The sentencing court applied these guidelines as follows:
 
 
 10
 Base Base offense
level 10 USSG § 2G3.1 level for 18
 U.S.C. § 1461
 + 2 USSG § 3A1.1 Vulnerable victims
 + 5 USSG § 3D1.4 Multiple counts
 - 3 USSG § 3E1.1 Acceptance of responsibility
 = 14
 
 
 11
 The sentencing court calculated Littleton's offense level as fourteen. Because this was Littleton's first offense, he had a criminal history category of "I." Under the sentencing guidelines, these variables translate to a sentence of fifteen to twenty-one months.
 
 
 12
 The sentencing court also took note of the presentence report's comments on the impact on the victims. It states:
 
 
 13
 There is one common theme which all parents and victims have noted from this crime, that is, that Joe Mitchell Littleton stole their children's childhood.... Littleton's portrayal of sexual behavior terrified all of the victims, each one stating the questions "why me" and "is he going to get me."
 
 
 14
 The presentence report also described the victims' personal struggles. At least one young woman's grades dropped significantly, and many lost sleep and were afraid to leave their homes. One victim's family packed their belongings and moved to another state without leaving a forwarding address. After receiving mail from Littleton, one young woman started to use drugs and another developed anorexia nervosa.
 
 2.
 
 15
 The United States Attorney moved for an upward departure, arguing that the Sentencing Commission did not adequately consider this kind of case when it set the sentencing guideline for mailing obscene matter. According to the U.S. Attorney, the applicable sentencing guideline generally applies to mail between consenting adults. Although the guidelines provide for a two-level increase for vulnerable victims and a five-level increase for multiple counts, the U.S. Attorney argued that these increases insufficiently reflected the kind and degree of aggravating circumstances existing in Littleton's case.
 
 3.
 
 16
 At Littleton's sentencing hearing, the sentencing court heard testimony from a clinical psychologist, from Littleton, and from the victims' parents.
 
 
 17
 The court-appointed clinical psychologist who examined Littleton diagnosed him as a moderate risk pedophile. The clinical definition of pedophilic behavior includes such actions as exposing oneself to children; touching or fondling children; and penetrating a child's orifices with foreign objects or one's own genitals. The psychologist testified that, to her knowledge, Littleton had committed none of these acts, but that his behavior was within the clinical definition.
 
 
 18
 The psychologist also testified that Littleton had many "limited risk factors." She noted his acceptance of responsibility; his family support; his good work history; the nonviolent nature of his crime; and the fact that this was his first offense. Nevertheless, the psychologist diagnosed Littleton as a moderate risk because she found him to be confused about the morality of his offense. She also said that Littleton "uses drugs and alcohol," and that "he would be a lower risk" if he did not use these substances.
 
 
 19
 The psychologist recommended that Littleton receive treatment at the Butner, North Carolina, Federal Prison facility (FCI Butner), which has a twelve- to twenty-four-month treatment program for sex offenders. At the time of the hearing, there was a waiting period for participation in the program.
 
 
 20
 Littleton testified at the sentencing hearing that he was sorry for the harm he had caused the victims. Parents of the victims testified that Littleton had terrorized their daughters and urged the court to impose a harsh sentence.
 
 4.
 
 21
 The sentencing court granted the government's motion for upward departure and sentenced Littleton to thirty-six months imprisonment for each count, with terms to be served concurrently.
 
 
 22
 The sentencing court found that Littleton's offense was atypical and contained aggravating circumstances, thereby warranting an upward departure under USSG § 5K2.0. The sentencing court said:
 
 
 23
 It seems that the guidelines adopted for violating this statute take into consideration situations where pornographic material is mailed between, for instance, two consenting adults for distribution. Not necessarily pornographic material being sent to minors by an adult. This I think is a distinction that is important and one that the Court feels warrants an upward departure in this case.
 
 
 24
 The sentencing court also found aggravating circumstances because there were numerous violations over a period of ten years, and the victims felt terrorized. The sentencing court recommended that Littleton participate in the twenty-four-month program at FCI Butner.
 
 
 25
 The sentencing court also sentenced Littleton to three years of supervised release with conditions that he abstain from alcohol, submit to a treatment program that uses plethysmography, and register as a sex offender. Littleton did not object to these conditions.
 
 II.
 
 26
 Littleton first argues that the sentencing court erred by upwardly departing because his offense was not atypical and the circumstances not so aggravating as to warrant an upward departure.
 
 
 27
 We review an upward departure for abuse of discretion. Koon v. United States, 116 S.Ct. 2035, 2047-48 (1996). "A district court's decision to depart from the Guidelines ... will in most cases be due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court." Id. at 2046. The Koon abuse-of-discretion standard replaces the three-part test we have applied in past cases. United States v. Barajas-Nunez, 91 F.3d 826, 831 (6th Cir.1996).
 
 
 28
 A sentencing court is permitted to "depart" from the sentencing guidelines if it finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C.A. § 3553(b) (1996); USSG Ch. 1, Pt. A, at 4(b) (Nov.1994).
 
 
 29
 The sentencing court noted several aggravating factors warranting an upward departure. Littleton's crime differed significantly from the great majority of crimes under 18 U.S.C. § 1461, which typically involve commercial transactions in which the defendant either orders or fills orders for obscene material. There were also many victims, all of whom had been particularly vulnerable to Littleton's messages.
 
 
 30
 When a sentencing court gives multiple reasons for an upward departure, we will affirm if any one of the reasons would justify departure. United States v. Hart, 70 F.3d 854, 862 (6th Cir.1995), cert. denied, 116 S.Ct. 1368 (1996). The circumstances here are so different from the "heartland" case under 18 U.S.C. § 1461 that this alone provides sufficient reason for the sentencing court to upwardly depart from the sentencing guidelines.
 
 
 31
 The guidelines themselves indicate that convictions under 18 U.S.C. § 1461 do not typically resemble Littleton's offenses. The guidelines read: "Most federal prosecutions for offenses covered in this guideline are directed to offenses involving distribution for pecuniary gain." USSG § 2G3.1, comment. (backg'd.).[1] Littleton did not act for monetary gain when he sent obscene materials to non-consenting minors. In addition, his communications frightened and threatened the recipients, contrary to typical 18 U.S.C. § 1461 cases.
 
 
 32
 The sentencing court reasonably increased Littleton's sentence from a maximum of twenty-one months to thirty-six months. Though it could have been more specific, the sentencing court apparently set the sentence to permit Littleton to fulfill the waiting period for, and then to participate in, the 24-month Sex Offender Treatment Program at FCI Butner. Pursuant to the standards for upward departure under 18 U.S.C. § 3553(b), the sentencing court imposed an "appropriate" sentence with due regard for the policy initiative of providing "the defendant with needed ... correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). The sentencing court therefore acted within its discretion in imposing the sentence.[2]
 
 III.
 
 33
 Littleton also argues that the sentencing court erred when it imposed conditions on his supervised release. He argues that abstention from alcohol has no relation to his recovery; that registration as a sex offender is impossible; and that the requirement that he undergo a plethysmography test as part of treatment is beyond the power of the sentencing court to order.
 
 
 34
 These conditions are unripe for review. Littleton is not yet subject to these conditions, and we do not yet know whether these conditions will have any relation to Littleton's recovery. See United States v. Schoenborn, 4 F.3d 1424, 1434 (7th Cir.1993); United States v. Linares, 921 F.2d 841, 843 (9th Cir.1990).
 
 
 35
 We review conditions of supervised release to determine whether they are "reasonably related to the goals of probation, rehabilitation of the defendant, and the protection of the public." United States v. Berridge, 74 F.3d 113, 118 (6th Cir.1996). The effects of Littleton's future therapy in the Sex Offender Treatment Program at FCI Butner are unknown. Because the treatment program may precipitate a change in Littleton's behavior and attitudes, we do not yet know if the challenged conditions will be reasonably related to his recovery at the time of his release from the program. It is premature to examine the possibility at this time.
 
 
 36
 Upon his release from the program, Littleton may request that these conditions be modified under 18 U.S.C.A. § 3583(e) (1996). Conditions of Littleton's supervised release must involve "no greater deprivation of liberty than is reasonably necessary" to accomplish the goals of rehabilitation and protection of the public. Id. § 3583(d)(2). After the full effects of Littleton's treatment are known, and if Littleton still believes that any of the conditions are not reasonably related to the goals of probation, Littleton can take the matter up with the sentencing court. If he is dissatisfied with the sentencing court's decision regarding modification, he has the right to ask this Court to review the conditions of his supervised release. See United States v. Bortels, 962 F.2d 558, 560 (6th Cir.1992).
 
 IV.
 
 37
 For the reasons stated above, the sentencing court correctly applied the sentencing guidelines. Littleton's sentence is AFFIRMED.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Sixth Circuit cases of convictions under 18 U.S.C. § 1461 have almost uniformly involved the "heartland" case of commercial dealings in obscenity. See, e.g., United States v. Kussmaul, 987 F.2d 345, 347 (6th Cir.1993); United States v. Easley, 942 F.2d 405, 406-07 (6th Cir.1991); United States v. Johnson, 855 F.2d 299, 300 (6th Cir.1988)
 
 
 [2]
 Littleton argues that the sentencing court erred because it failed to explain why it skipped the next higher criminal history category in setting his sentence. See United States v. Schultz, 14 F.3d 1093, 1102 (6th Cir.1994). The argument is inapposite, because the sentencing court did not upwardly depart from the sentencing guidelines by enhancing Littleton's criminal history category. The sentencing court apparently increased Littleton's offense level, based upon, inter alia, the atypical offense and numerous victims. The rationale for upward departures in criminal history category is different than that for increases of offense level. No precedent requires that a sentencing court specifically add offense levels and justify each added level. But see United States v. Tsosie, 14 F.3d 1438, 1443 (10th Cir.1994) ("Explanation of why a departure is made cannot fulfill the separate explanation of the degree of departure.")