**Mark Aston MCADOO, Petitioner–Appellant,**

v.

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, et al., Respondents–Appellees.**

No. 01–56976.

D.C. No. CV–00–11777–TJH.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 19, 2002.

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM**

Mark Aston McAdoo, a California state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, construed as a § 2255 petition, challenging the validity of his 1989 federal sentence. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). Reviewing de novo, *see United States v. Pirro,* 104 F.3d 297, 299 (9th Cir.1997), we affirm.

To the extent McAdoo challenges the validity of the federal sentence imposed upon his 1989 conviction, the petition was properly dismissed as time barred. *See United States v. Valdez,* 195 F.3d 544, 546 (9th Cir.1999). To the extent McAdoo challenges the validity of the detainer placed upon him pursuant to allegations of probation violation, his claims are premature. *See United States v. Linares,* 921 F.2d 841, 843–44 (9th Cir.1990) (concluding appellant's challenge to potential revocation of his supervised release was not ripe

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

for review).[1]

**AFFIRMED.**

---

1. Contrary to McAdoo's assertions, the district court properly construed his petition as one under § 2255. *Moore v. Reno,* 185 F.3d 1054, 1055 (9th Cir.1999) (stating that limitations imposed by AEDPA do not render § 2255 inadequate or ineffective).

