**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ardis WILSON, Defendant—Appellant.**

No. 01–30317.

D.C. No. CR–00–00212–EFS.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 9, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Ardis Wilson appeals the 10–month sentence imposed following his guilty-plea conviction for passing forged endorsements on a security of the United States, in violation of 18 U.S.C. § 510(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Wilson contends that the application of 18 U.S.C. § 3583 violated his due process right to fair notice of the punishment that may be imposed for his offense. We have previously recognized that the plain language of § 3583 authorizes the imposition of supervised release as part of the defendant's sentence, in addition to any term of imprisonment authorized by a particularized criminal statute. *See United States v. Purvis,* 940 F.2d 1276, 1278–79 (9th Cir. 1991); *see also United States v. Montenegro–Rojo,* 908 F.2d 425, 432 (9th Cir.1990). Moreover, the record reveals that Wilson indicated at the change of plea hearing his understanding of the maximum punishment that could be imposed, including the imposition of both a term of incarceration and a term of supervised release.

To the extent that Wilson's argument is that § 3583 fails to provide notice that an additional term of imprisonment may be imposed as a result of a violation of supervised release, this contention is not properly before us. *See United States v. Linares,* 921 F.2d 841, 843 (9th Cir.1991) (concluding that appellant lacks standing to challenge this hypothetical situation because his supervised release has not been revoked).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Wilson's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.