**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30171 |
| Plaintiff-Appellee, | D.C. No. 3:05-cr-05247-RBL-1 |
| v. | |
| DONALD JAY STREICH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted July 7, 2015[**]
Seattle, Washington

Before: NGUYEN and FRIEDLAND, Circuit Judges, and CARNEY,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

Defendant-Appellant Donald Jay Streich appeals the district court's denial of his post-sentencing motion to amend the presentence report ("PSR"), which was prepared by the probation office following Streich's conviction for sexual abuse of a minor. Streich seeks to remove from the PSR certain details of his prior sexual abuse of others that he admitted as a juvenile during psychosexual treatment after receiving a prosecutor's grant of immunity. Streich filed his motion after the government filed a petition in the Eastern District of North Carolina seeking to commit him as a sexually dangerous person pursuant to the Adam Walsh Act, 18 U.S.C. § 4248. After the North Carolina district court entered a judgment ruling that Streich was not a sexually dangerous person requiring civil commitment, the district court denied Streich's motion as moot. This Court reviews a district court's determination of mootness de novo. *Anaheim Mem'l Hosp. v. Shalala*, 130 F.3d 845, 849 (9th Cir. 1997). We affirm.

A federal court does not have jurisdiction to rule on an issue if an event occurs during the pendency of litigation that renders the issue moot. *GTE Cal., Inc. v. Fed. Commc'ns Comm'n*, 39 F.3d 940, 945 (9th Cir. 1994). A case is mooted if there is no longer an injury to be redressed. *Demery v. Arpaio*, 378 F.3d 1020, 1025 (9th Cir. 2004); *see also Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d

2

1241, 1244 (9th Cir. 1988) ("The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted.").

The district court did not err in denying Streich's motion as moot. Streich sought to strike the psychosexual treatment information from the PSR so that it would not be considered by the North Carolina district court in the then-pending civil commitment proceeding. By the time the district court heard the motion, however, the North Carolina district court had already ruled in Streich's favor and denied the civil commitment petition. Since Streich neither suffered nor was being threatened with the injury of civil commitment based on the PSR, the district court could not provide him any meaningful relief and, consequently, Streich's motion was moot. *See Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 965–66 (9th Cir. 2007) (environmental organization's request for order requiring federal agency to list the Southern Resident killer whale as endangered was mooted by agency's subsequent issuance of final rule listing the whale as an endangered species).

Streich asserts that the district court retained jurisdiction to rule on his motion because of two exceptions to the mootness doctrine: (1) collateral legal consequences, and (2) wrongs capable of repetition, yet evading review. *See Sibron v. New York*, 392 U.S. 40, 53–58 (1968) (holding that the collateral consequences exception applied because, although the defendants' primary injury

3

of incarceration had expired, their challenge to their convictions was not moot because secondary injuries, or collateral consequences, resulting from their convictions remained); *Spencer v. Kemna*, 523 U.S. 1, 17–18 (1998) (declining to apply the "capable-of-repetition" exception when there was no reasonable expectation that the same complaining party would be subject to the same injury again and when the injury was not so limited in duration such that it is likely always to become moot before litigation is completed). Neither of these exceptions, however, apply here. The collateral legal consequences exception does not apply because Streich has not suffered any secondary or collateral harms from a court relying on the psychosexual treatment information in the PSR. *See Ctr. for Biological Diversity*, 511 F.3d at 965 (declining to apply the collateral legal consequences exception where the alleged collateral consequences were only conjectural). The "wrongs capable of repetition yet evading review" exception also does not apply because Streich was never civilly committed and, therefore, did not suffer any wrong or injury in the first instance. *See, e.g.*, *Murphy v. Hunt*, 455 U.S. 478, 482–84 (1982) (declining to apply exception even when the plaintiff had suffered an initial injury because the possibility of recurring injury was

4

speculative).[1] And should the government file another petition to civilly commit him in the future, Streich will have ample opportunity to fully litigate his objection to that court's consideration of the psychosexual treatment information in the PSR in the jurisdiction in which such civil commitment petition is filed. *See Vitek v. Jones*, 445 U.S. 480, 491 (1980) (holding that procedural due process does guarantee certain protections to civil commitment respondents); 18 U.S.C. § 4247(d) (providing the civil commitment respondent with representation by counsel, and an opportunity to testify, present evidence, subpoena witnesses, and confront and cross-examine witnesses who appear at the hearing).

Finally, we have no jurisdiction to address Streich's challenge to the use of the psychosexual treatment information in the PSR in connection with any subsequent civil commitment or supervised release proceeding. Any future injury that Streich might suffer in this regard is simply not ripe now. It is a "classic example of a 'contingent future event' that 'may not happen at all.'" *United States v. Streich*, 560 F.3d 926, 932 (9th Cir.), *cert. denied*, 558 U.S. 920 (2009); *see also*

---

[1] To the extent Streich argues that he will suffer a "recurring" injury of civil commitment, such an injury is highly unlikely in the absence of additional wrongful behavior by Streich. We have previously observed that "[c]ourts are reluctant to invoke this doctrine when the possibility of recurrence for the appellant depends upon his own wrongdoing." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1988) (declining to apply exception where the possibility of recurrence was dependent on the commission of another crime by the plaintiff).

*United States v. Linares*, 921 F.2d 841, 843–44 (9th Cir. 1990) (holding that the defendant lacked standing to challenge a hypothetical revocation that may never occur). Streich must wait to challenge the use of the psychosexual treatment information in the PSR in any such legal proceeding when, if ever, that proceeding is initiated against him.

**AFFIRMED.**