NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-50012 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-01731-MMA-1 |
| v. | |
| JARDIEL INFANTE-CABALLERO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted December 13, 2019
Pasadena, California

Before:  KELLY,** PAEZ, and BADE, Circuit Judges.

Jardiel Infante-Caballero pleaded guilty to attempted reentry of a removed

alien, in violation of 8 U.S.C. § 1326(a) and (b).  The district court sentenced him

to thirty months' imprisonment followed by three years' supervised release.

Infante-Caballero appeals the term of supervised release.  He argues that it subjects

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

him to an unconstitutional punishment scheme in violation of the Fifth and Sixth Amendments. Infante-Caballero alternatively argues that the district court plainly erred by failing to adequately explain its reasoning for imposing a term of supervised release.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a statute is constitutional, *see United States v. Huerta-Pimental*, 445 F.3d 1220, 1222 (9th Cir. 2006), and whether a challenge to a statute is ripe, *see Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084 (9th Cir. 2003). Because Infante-Caballero did not object to the term of supervised release, we review for plain error his argument that the district court failed to adequately explain its reasoning for imposing supervised release. *See United States v. Olano*, 507 U.S. 725, 732–37 (1993). We affirm.

Infante-Caballero argues that his term of supervised release, if revoked, could subject him to an additional term of imprisonment. Therefore, he argues that his term of supervised release, as authorized by 18 U.S.C. § 3583(e)(3), violates his Fifth and Sixth Amendment rights because a judge, rather than a jury, could revoke supervised release and impose a term of imprisonment after finding by a preponderance of the evidence, rather than beyond a reasonable doubt, that Infante-Caballero violated a condition of his supervised release.

Infante-Caballero's constitutional challenge to his term of supervised release

2

is not ripe because "he is challenging the potential revocation of his supervised release and the effect it would have upon his ultimate punishment." *United States v. Linares*, 921 F.2d 841, 843 (9th Cir. 1990). Therefore, "he lacks standing to challenge hypothetically a revocation that may never occur." *Id.* This court has explained that ripeness is a threshold question that is "designed to 'prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). Thus, we dismiss Infante-Caballero's constitutional challenge to his term of supervised release as unripe. *See id.* (explaining that ripeness is based on Article III limitations on judicial power and prudential reasons for refusing to exercise jurisdiction).

We also reject Infante-Caballero's alternative argument that the district court plainly erred by failing to adequately explain its reasoning for imposing a term of supervised release. Infante-Caballero argues that under United States Sentencing Guidelines § 5D1.1(c) the district court was required to explain how a term of supervised release would provide an added measure of deterrence.

A district court must explain its sentence "sufficiently to permit meaningful appellate review." *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). In addition, "[a] statement of reasons is required by statute, [18 U.S.C.]

3

§ 3553(c), and furthers the proper administration of justice." *Id.* (citation omitted). Furthermore, "[a]n explanation communicates that the parties' arguments have been heard, and that a reasoned decision has been made. It is most helpful for this to come from the bench, but adequate explanation in some cases may also be inferred from the [presentence report] or the record as a whole." *Id.*

Here, the district court sufficiently explained the term of supervised release. The record as a whole demonstrates that the district court considered the recommendations in the presentence report, the record, and the parties' arguments, and concluded that a term of supervised release was appropriate as an added deterrent to future illegal conduct. The district court sufficiently explained its sentence and did not err, much less plainly err.

**AFFIRMED.**

4