# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2022

Lyle W. Cayce
Clerk

No. 20-61007

George R. Jarkesy, Jr.; Patriot28, L.L.C.,

*Petitioners*,

*versus*

Securities and Exchange Commission,

*Respondent*.

Petition for Review of an Order of the
Securities & Exchange Comm
Agency No. 3-15255

ON PETITION FOR REHEARING EN BANC

Before Davis, Elrod, and Oldham, *Circuit Judges*.

Per Curiam:

Treating the petition for rehearing en banc as a petition for panel rehearing (5th Cir. R. 35 I.O.P.), the petition for panel rehearing is DENIED. The petition for rehearing en banc is DENIED because, at the request of one of its members, the court was polled, and a majority did not vote in favor of rehearing (Fed. R. App. P. 35 and 5th Cir. R. 35).

In the en banc poll, six judges voted in favor of rehearing (Richman, Stewart, Dennis, Haynes, Graves, and Higginson), and ten judges voted against rehearing (Jones, Smith, Elrod, Southwick, Willett, Ho, Duncan, Engelhardt, Oldham, and Wilson).

HAYNES, *Circuit Judge*, joined by STEWART, DENNIS, GRAVES, and HIGGINSON, *Circuit Judges*,[1] dissenting from denial of rehearing en banc:

I respectfully dissent from the denial of the petition for rehearing en banc and would grant it. The excellent dissenting opinion explains the problems with the panel majority opinion's holdings, so, rather than repeat that, I will only summarize here.

Jarkesy and Patriot28 sought review in this court of an SEC order finding securities fraud. They advanced several constitutional challenges to the SEC enforcement proceeding. The panel majority opinion largely agrees with those challenges and holds that: (1) Petitioners were deprived of their Seventh Amendment right to a jury trial; (2) Congress unconstitutionally delegated legislative power to the SEC by failing to provide it with an intelligible principle by which to exercise delegated power; and (3) statutory removal restrictions on SEC ALJs violate Article II. *See Jarkesy v. Sec. & Exch. Comm'n*, 34 F.4th 446, 449 (5th Cir. 2022).

The Seventh Amendment "preserve[s]" the right to a jury trial in civil cases. U.S. CONST. amend. VII. But Congress may assign factfinding functions and initial adjudications to administrative forums without a jury if "the Government sues in its sovereign capacity to enforce public rights created by statutes within the power of Congress to enact." *Atlas Roofing Co. v. Occupational Safety & Health Rev. Comm'n*, 430 U.S. 442, 450 (1977). A public right, at its core, is a matter "which arise[s] between the Government and persons subject to its authority in connection with the performance of the constitutional functions of the executive or legislative departments." *Crowell v. Benson*, 285 U.S. 22, 50 (1932). The panel majority opinion

---

[1] As a Senior Judge, Judge Davis was not eligible to vote on whether to take this case en banc, but he agrees that the case should have been taken en banc and also agrees with this dissenting opinion.

recognizes the Seventh Amendment's public rights exception but concludes that it does not apply here because the SEC action at issue was enforcing a wholly private right as opposed to a public one. As the dissenting opinion explains at length, that conclusion is incorrect and in conflict with Supreme Court and this court's precedent. *See, e.g.*, *Jarkesy*, 34 F.4th at 470–73 (Davis, J., dissenting); *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 138 S. Ct. 1365, 1373 (2018); *Austin v. Shalala*, 994 F.2d 1170, 1177 (5th Cir. 1993). The majority opinion relies upon dicta in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 60 (1989), but overlooks that *Granfinanciera*'s dicta expanding the public-rights doctrine to some unidentified, future case applies only when the Government is not a party. *Jarkesy*, 34 F.4th at 453; *but see id.* at 470–71 (Davis, J., dissenting). Under *Atlas Roofing* and a fair reading of *Granfinanciera*, there is no question that the SEC's enforcement action against Petitioners in this matter for violations of the securities laws involves "public rights." *Granfinanciera* offers no support for the panel majority opinion's position that this enforcement action by the SEC does not involve a public right.

I now turn to the majority opinion's nondelegation doctrine holding. *Jarkesy*, 34 F.4th at 459. The Dodd-Frank Act allows the SEC to select whether it enforces securities laws in-house or in federal court. *See* § 929P(a), 15 U.S.C. § 78u-2(a). Concluding that Congress failed to provide the SEC with an intelligible principle to guide that choice, the majority opinion holds that this was an impermissible delegation of legislative power. *Jarkesy*, 34 F.4th at 461–62. The majority opinion's holding rests on an incorrect conclusion that this was a delegation of legislative power. The majority opinion asserts that "*Government* actions are 'legislative' if they have 'the purpose and effect of altering the legal rights, duties and relations of persons . . . outside the legislative branch.'" *Id.* at 461 (emphasis added) (quoting *INS v. Chadha*, 462 U.S. 919, 952 (1983)). But the majority opinion

borrows that definition of "legislative power" from *Chadha*—a case that does not discuss the nondelegation doctrine—and incorrectly applies it here. *Id.*

There are ample real-world examples of executive action that "alter[s] the legal rights, duties and relations of persons . . . outside the legislative branch" that are not considered exercises of legislative power. *Chadha*, 462 U.S. at 952. The dissenting opinion addresses that in detail. *See Jarkesy*, 34 F.4th at 474–75 (Davis, J., dissenting); *see also United States v. Batchelder*, 442 U.S. 114 (1979). In its petition, the Government also gave as an example the fact that it may choose to charge a defendant with a misdemeanor as opposed to a felony—a decision that would deprive the defendant of a right to a jury trial, *Baldwin v. New York*, 399 U.S. 66, 69–70 (1970), and remove the requirement of a grand jury, *United States v. Linares*, 921 F.2d 841, 844 (9th Cir. 1990). Additionally, of course, agencies have the discretion *not* to enforce. *See Heckler v. Chaney*, 470 U.S. 821, 837–38 (1985) (holding that an agency decision to initiate an enforcement action was within the agency's unreviewable discretion). Being required to defend yourself in an enforcement action certainly alters your legal rights and duties, but the Court has never defined such agency discretion as an exercise of legislative power.

I finally turn to the Article II holding. The majority opinion erroneously concludes that the removal restrictions on SEC ALJs are unconstitutional, citing that "SEC ALJs perform substantial executive functions." *Jarkesy*, 34 F.4th at 463. In summary, the majority opinion reaches this conclusion by incorrectly reading *Lucia v. SEC*, 138 S. Ct. 2044 (2018), and *Free Enterprise Fund v. Public Co. Accounting Oversight Board*, 561 U.S. 477 (2010). *See Jarkesy*, 34 F.4th at 463–64.

In *Lucia*, the Court concluded that SEC ALJs are inferior officers for purposes of the Appointments Clause. *See* 138 S. Ct. at 2055. According to

the majority opinion, that decidedly means that SEC ALJs perform executive functions. *See Jarkesy*, 34 F.4th at 463–64. Stated differently, if you are an officer under the Appointments Clause, you automatically perform executive functions, and the President must be able to exercise authority over those functions. As such, two-layer, for-cause removal protections are categorically invalid.

Under Article II, however, inferior officers can be appointed by the President, "Courts of Law," or "Heads of Departments." U.S. CONST. art. II, § 2, cl. 2. The Constitution does not require—nor did *Lucia* hold— that the President *alone* must appoint SEC ALJs. *See* 138 S. Ct. at 2050–51. So how can the majority opinion conclude that, under *Lucia*, an ALJ's insulation from the *President's* ability to remove violates the constitutional duty to faithfully execute the laws?

The discussion of *Free Enterprise* is similarly worrisome as it addresses inherently executive functions but, by contrast, an SEC ALJ's duties are distinctly *adjudicatory*. These duties include, *inter alia*: (1) fixing the time and place of hearings, (2) postponing or adjourning hearings, (3) granting extensions to file papers, (4) permitting filings of briefs, (5) issuing subpoenas, (6) granting motions to discontinue administrative proceedings, (7) ruling on the admissibility of evidence, and (8) hearing and examining witnesses. *See* 17 C.F.R. §§ 201.111, 200.30-10. SEC ALJs do not decide to bring enforcement actions, they merely preside over administrative hearings as *neutral* arbitrators. The majority opinion's conclusion to the contrary lacks any authority. If, as the Court in *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020), determined, the purpose of removal is to hold officials accountable to the executive, what implications would that have on administrative proceedings more broadly? Certainly, ALJs would not continue to be independent. If the majority opinion is concerned with bias on behalf of the SEC, the solution is not to make ALJs—

whose authority is "comparable to that of a federal district judge"—subject to executive authority. *Lucia*, 138 S. Ct. at 2049 (internal quotation marks and citation omitted). Indeed, the reasons for insulating ALJs from executive authority are exactly the same as those reasons articulated in *Morrison v. Olson*, 487 U.S. 654 (1988); the potential "'coercive influence' of the removal power would 'threate[n] the independence'" of the ALJs. 487 U.S. at 688 (alteration in original) (quoting *Humphrey's Ex'r v. United States*, 295 U.S. 602, 630 (1935)).

The panel majority opinion, in addition to being incorrectly decided, is more than worthy of en banc consideration. Indeed, having deviated from over eighty years of settled precedent, the opinion doubtlessly merits a full review. Beyond its massive impacts on the directly involved statutes, the opinion's potential application to agency adjudication more broadly raises questions of exceptional importance. The Government's petition aptly sums up this point: "Each holding [in this case] strikes down an Act of Congress and so presents a question of exceptional importance. The majority's decision nullifies provisions Congress determined necessary to enforce the securities laws and calls into question adjudication within the Executive Branch more broadly." That is exactly the sort of peril that, in the face of an incorrect opinion, should cause us to grant en banc rehearing. Given the decision of the majority of this court not to do so, I respectfully dissent.