**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ronald Scott SMITH, Defendant—**
**Appellant.**

**No. 02–30144.**

**D.C. No. CR–01–00086–ALH.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Nov. 22, 2002.

Before SKOPIL, BOOCHEVER and LEAVY, Circuit Judges.

MEMORANDUM **

Ronald Smith, after pleading guilty to charges of bank robbery, 18 U.S.C. § 2113(a), objected to a presentence report finding that he possessed a knife during one robbery. The court did not resolve the objection, but rather stated that it would not consider the disputed fact in sentencing Smith. After sentencing, Smith moved to strike the disputed fact from the presentence report. The court refused to strike and affirmatively found that Smith possessed the knife. We affirm the court's refusal to strike but remand with instructions that the court vacate its post-sentencing finding.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## DISCUSSION

Smith argues that the district court should have struck the disputed fact from the presentence report to prevent the Bureau of Prisons from relying on false information. We have acknowledged "the unfairness that would result to a defendant if prison or parole officials were to rely on false allegations or uncorrected reports." *See United States v. Carter*, 219 F.3d 863, 866 (9th Cir.2000). Nonetheless, neither Rule 32 nor due process requires a district court to strike contested information from a presentence report. *See United States v. Robertson*, 901 F.2d 733, 735 (9th Cir. 1990); *United States v. Turner*, 898 F.2d 705, 710 (9th Cir.1990). Rather, a defendant's rights are safeguarded by the requirement in Rule 32 that a written record of the district court's findings and determinations be appended to any copy of the presentence report made available to the Bureau of Prisons. *See Robertson*, 901 F.2d at 735; *Turner*, 898 F.2d at 710.

Smith next argues that the district court erred by resolving a disputed matter after sentencing. We agree. "Rule 32 requires that the district court rule on any unresolved objections *at the sentencing hearing*." *United States v. Standard*, 207 F.3d 1136, 1142 (9th Cir.2000) (emphasis in original). "Thus, the court may not resolve such objections post-hearing." *Id.; see also United States v. Fernandez–Angulo*, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc) (holding that language of Rule 32 "forecloses postsentencing compliance"). We do not agree with Smith, however, that remand for resentencing is required. He admits that the district court complied with Rule 32 at sentencing by stating that it would not rely on the contested fact.

---

\* Hon. Richard S. Arnold, of the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the

Thus, no error occurred at sentencing. We remand simply for the district court to vacate its post-sentencing finding.

AFFIRMED and REMANDED with instructions.